Thomas F. Garey and Matthew Garey *vs.*
James Hignutt, and others.

*Practice in the Court of Appeals — Purchase by a
Trustee in Insolvency of a Judgment against the
Insolvent Estate — Contribution between Sureties —
Effect in Equity of the Discharge of one Surety
upon the others — Principal and Surety.*

On an appeal from an order passed in an insolvent proceeding, no question
which does not appear from the certificate of the Court below to have
been raised in that Court, will be considered by the Court of Appeals.

A judgment was recovered against Lockerman, Hubbard and Hignutt,
the first named being the principal debtor and the others his sureties.
The sureties became insolvent, and applied for and obtained the benefit
of the insolvent law. M. F. Garey was appointed the trustee of Hub-
bard, and in his insolvent proceedings, this judgment was filed to receive
distribution from the assets of that estate; objection was made to its
allowance on the ground that it in fact belonged to Garey, the trustee,
and not to the person for whose use it had been entered, and that the
former had obtained it, after he became trustee, at a large discount.
The trustee refused to disclose the amount he paid for the judgment, and
the Court, being satisfied that it had been purchased by him, after he
became trustee, at a discount, and that it belonged to him, disallowed it.
This judgment was likewise filed in the insolvent proceedings of Hig-
nutt, the other surety. Held:

That if the right to enforce the judgment against the estate of Hubbard
had not been lost, Garey would have had the right to insist upon distri-
bution from Hignutt's estate to the full extent of the judgment; for, as
his relation to the estate of the latter was that of a stranger only, he
had a perfect right to purchase the judgment at a discount, and what-
ever profit was made in the purchase, would inure to his benefit. But
Hignutt and Hubbard being sureties, the release of the estate of the lat-
ter, by the conduct of Garey, has put it out of the power of Hignutt, or
of his trustee, to get contribution for any amount that may be paid
more than Hignutt's proportion. To the extent, however, of one-half,
there being two sureties, Hignutt's estate would be bound, as between
the sureties themselves, assuming the principal debtor to be insolvent;
and to that extent the judgment can be enforced by Garey against the
estate of Hignutt.

Garey *vs.* Hignutt, *et al.*

In equity, a discharge of one surety does not necessarily discharge the other sureties bound for the same debt.

A creditor is not required to exhaust his remedies against a principal before resorting to the surety for payment of a debt for which both principal and surety are equally bound.

A trustee, who purchased a judgment against his insolvent, at a discount, after he became trustee, and who forfeited all claim to distribution from the estate of the insolvent, the principal debtor, by refusing to disclose frankly the amount he paid for the judgment, has no right to enforce it against the estate of the surety.

APPEAL from the Circuit Court for Caroline County.

This appeal was taken from an order of the Court below, ratifying the third report of the auditor, distributing the proceeds of the sale of the real estate of James Hignutt, an insolvent debtor. Other facts in the case needful to an understanding of the questions decided, will be found in the opinion of the Court.

The cause was argued before BARTOL, C. J., MAULSBY, BRENT and ALVEY, J.

*J. W. Bryant* and *Frank. H. Stockett*, for the appellants.

*James E. Hignutt*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

This is an appeal taken from an order of the Circuit Court for Caroline county, passed in an insolvent proceeding, whereby certain claims of the appellants have been disallowed as against the insolvent's estate.

There were two auditor's accounts filed, marked, respectively, No. 2 and No. 3. That designated as No. 2 was stated, according to the report of the auditor, in accordance with the views of Thomas F. Garey, one of the appellants, as to two judgment claims, numbered in the audit 7 and 8. By audit No. 3, which seems to have been stated by the

direction of the insolvent trustee, the judgment claims numbered 7 and 8 in audit No. 2 were disallowed. The first of these judgments, that numbered 7, was recovered by the Farmers and Merchants' Bank of Greensboro' against Thos. Lockerman, Ennalls Hubbard and James Hignutt, at the October Term of the Circuit for Caroline county, 1857, for $600, debt and costs, and was afterwards entered to the use of Bartlett & Smith, and by them entered to the use of Matthew Garey, the other appellant, without recourse. The other judgment, No. 8, was recovered by the same plaintiff as in judgment No. 7, and at the same term of Court, against Ennalls Hubbard, Thomas F. Garey, Thomas Lockerman and James Hignutt, for $2,000, with interest thereon from the 7th of September, 1855, and costs; and which latter judgment was also entered to the use of Bartlett & Smith, and by them subsequently entered. to the use of Thomas F. Garey to the amount of $500, and the balance thereof to the use of Matthew Garey.

Exceptions were filed to audit No. 2, by the insolvent, because of the allowance therein of the two judgments, Nos. 7 and 8; the first in full, and the. latter to the extent of one-half. Exceptions were also filed by the appellants, jointly, to the audit No. 3, because of the disallowance thereby of the two judgments, Nos. 7 and 8, *and for no other cause.* Upon these exceptions the Court, by its order of the 18th of March, 1868, remanded the audits back to the auditor, with direction to take proof.

Testimony was taken, and, during the progress of its production, Thomas F. Garey produced before the auditor, for the first time, another judgment, designated in the record as "Exhibit K," being a judgment of the Easton Bank of Md., use of Charles Jarrell, recovered against Ennalls Hubbard, E. Wyatt, Thomas F. Garey, James Hignutt and John R. Stack, in the Circuit Court for Caroline county, at its October Term, 1857, for $1500, with interest and costs. This judgment was also entered to the use of Thomas F. Garey, by an order of Jarrell, filed on the 2d of February, 1864.

Against the allowance of this judgment of the Easton Bank it was objected, on behalf of the insolvent and his creditors, that it had not been produced in proper time, and that no exception had been made or suggested to the audits filed because of its non-allowance, and that the auditor had no power or authority, under the order of reference, to take testimony in regard to it; and further, that the claim had been filed in the insolvent proceedings of Ennalls Hubbard, the principal in the judgment, and it was not then ascertained what would be the balance due thereon, if any, after applying the distribution from that estate.

Upon report of the evidence by the auditor, the parties, by agreement, submitted to the Court below the two audits, Nos. 2 and 3, for its decision thereon of the questions raised by the exceptions thereto, but in neither of which, as we have stated, was the judgment of the Easton Bank, use of Jarrell included, nor were they excepted to because that claim was excluded by them. The Court, upon this submission, by its order of the 6th of October, 1869, ratified audit No. 3, and rejected No. 2, and thereby excluded entirely the two judgments Nos. 7 and 8; and it is from that order this appeal is taken. And it is now contended that such order should be reversed as well, because of the disallowance of the judgment of the Easton Bank, use of Jarrell, use of Garey, as because of the disallowance of judgments Nos. 7 and 8 in audit No. 2.

1. And first, as to the judgment of the Easton Bank, claimed by Thomas F. Garey. It is manifest that the Court below did not regard that claim as properly before it, and therefore did not pass upon the propriety of its allowance as against the estate of Hignutt. Both of the audits acted upon by the Court shewed an unapplied balance of assets considerably larger than the amount of this judgment of the Easton Bank; and as that judgment was not embraced by either audit, nor expressly excluded by either, because it had not been filed in time, the Court very properly disregarded the claim as not being embraced by the exceptions. This par-

ticular claim is not even alluded to in the short opinion of the Court, nor in its order, and the only subjects of controversy disposed of, in ratifying the one audit and rejecting the other, were the two judgments, Nos. 7 and 8; and as to this judgment, filed as it was with the auditor after the audits had been stated, and exceptions taken on other grounds than for its non-allowance, the Court could, with great propriety, leave Garey to assert and establish his claim, if he in fact had any, as against the unapplied balance of the fund.

But whether Garey's right to distribution to this particular claim was passed upon by the Court or not, is quite immaterial on this appeal; for, to entitle the appellant to a review of the decision of the Court below, it should be made distinctly and affirmatively to appear from the record, not only that a decision in regard to the particular matter was made, but it should be stated and certified what particular questions were decided, in order to enable this Court to consider such questions at all; (1 *Code, Art.* 5, *sec.* 13;) and as no such statement or certificate appears in the record in regard to this claim, it is clearly not a matter before us, and we, therefore, express no opinion in reference to the propriety of its allowance or rejection.

2. As to judgment No. 7, in audit No. 2, against Lockerman, Hubbard and Hignutt, that distinctly appears to have been disallowed, as also the ground upon which it was done, and hence we must examine into the circumstances of its rejection.

In this judgment it appears that Thomas Lockerman is the principal debtor, and Hubbard and Hignutt are sureties only. Hubbard, like Hignutt, became insolvent, and applied for and obtained the benefit of the insolvent law, and Thomas F. Garey was made his insolvent trustee. In the insolvent proceedings of Hubbard, both judgments, Nos. 7 and 8, were filed to receive distribution from the assets of that estate. But it was objected to their allowance in that proceeding, that they in fact belonged to Thomas F. Garey, the trustee, and not to

Matthew Garey, and that the former had obtained them after he became trustee, at a large discount. And upon the question of ownership, and as to the circumstances under which the judgments were obtained, a considerable mass of evidence was elicited in that case; and the Court sustained the exception taken to the judgments, and disallowed them entirely, because Garey, the trustee, refused to disclose the amount he in fact paid for them; the *onus* being upon him in that respect. From that decision Garey appealed to this Court, and the case was heard and decided at the April Term, 1868. This Court, in that case, from the evidence then before it, concluded, with the Court below, that the judgments did belong to Thomas F. Garey, and that they were purchased, after he became trustee, at a discount, and held, that the Court below was right, under the circumstances, in disallowing the claim, except as to the $500 entered to Garey's use, on judgment No. 8, in regard to which amount it appeared that he had paid in full.

These judgments were disallowed to Garey upon the very familiar principle that he could not be suffered to speculate upon and make profit for himself of the debts due from the estate of which he was in charge as trustee. Whatever advantage he may have gained in the purchase of the judgments against the estate, inured to its benefit; and while he was entitled to be re-imbursed the money actually paid for the judgments, it was incumbent upon him, after it was shown that they had been purchased at a discount, to show what amount he paid for them, before he could be allowed anything on that account. And, in that case, having refused to make the proper disclosure, and persisted in his *covert* effort to get distribution to the full amount of the judgments, he forfeited and lost all claim as against that estate; and how far that loss may affect the right to enforce these judgments against the insolvent estate of Hignutt, to which he bears no such relation as that of trustee, is the main question on this appeal.

It has been contended, however, that whatever condition of proof may have existed on the former appeal, involving the right to these judgments as against Hubbard's estate, the proof as to the ownership in the present case is sufficient to establish the right to be in Matthew Garey, and that he should not be concluded, although a party to the former proceedings, by the judgment that was rendered therein; but, as the present is a proceeding for the distribution of a different estate, he should be allowed to assert his right to the judgments *de novo*.

But, to say nothing of the conclusive effect of the former adjudication of ownership of these judgments, if the question were open and unaffected by the former decision, we should, upon the evidence before us, be inevitably led to the same conclusion as heretofore attained. There is nothing in the present record tending in the least to cast doubt upon the correctness of the former finding, but, on the contrary, much that materially confirms its correctness. Indeed, we have not a doubt as to this question.

Treating, then, these judgments as belonging to Thomas F. Garey, what are his rights, in reference to judgment No. 7, as against the estate of Hignutt, the other surety therein? If it were not for the loss of the right to enforce the judgment against the estate of Hubbard, the other surety, there could be no question of Garey's right to insist upon distribution from Hignutt's estate to the full extent of the judgment; for, as against the latter estate, Garey's relation to it being that of a stranger only, he had a perfect right to purchase the judgment at a discount, and whatever profit was made in the purchase, would inure to his own benefit. But Hignutt and Hubbard being sureties, the release of the estate of the latter by the conduct of Garey, has put it out of the power of Hignutt, or of his trustee, to get contribution for any amount that may be paid more than Hignutt's proportion. To the extent, however, of one-half, there being two sureties, Hignutt's estate would be bound, as between the sureties them-

selves, assuming the principal debtor to be insolvent; and we think, to that extent, this judgment can be enforced by Garey against the estate of Hignutt. For it seems to be settled in equity, though otherwise at law, that a discharge of one surety does not necessarily discharge the other sureties bound for the same debt. In *Ex parte Giffard*, 6 *Ves.*, 805, Lord ELDON held, that as each surety is bound to contribute his share towards the general payment, no one surety could recover against another, *who had been discharged*, unless for the excess paid by him *beyond his due proportion;* and that being so, Hignutt's estate would be but paying its due proportion in paying the one-half of the debt, as between the sureties, and as against the surety discharged, there would be no right of contribution. *Sterling vs. Forrester*, 3 *Bligh's Rep.*, 591; 1 *Story's Eq. Jur.*, sec. 498, a and note.

It is true, there is no evidence in the record before us of the insolvency of Lockerman, the principal debtor; but, in our view, this can make no difference. There is no rule, founded in principle or justice, that would require a creditor to exhaust his remedies against the principal before resorting to the surety for payment of a debt for which both principal and surety are equally bound. It is certainly no answer for the surety to the demand of the creditor, to show that the principal debtor is solvent and able to pay; and if it is no answer for the surety himself, it can clearly be none for those who may represent his estate, or be interested in its distribution. Principal and surety are equally bound, and the creditor should not be hindered or delayed, or have his rights in any manner affected, by regarding before payment the rights and equities that may subsist as between the principal and surety after. And no possible injustice can be done in requiring the estate of the surety to pay in the first instance, because, if the principal be insolvent, the right is then unquestioned, and if not insolvent, then the insolvent trustee of the surety, in a case like the present, has a right to be subrogated to the creditor's place, to the extent of distribution made to the debt

from the insolvent's surety's estate, for the benefit of his other creditors. *Watkins vs. Worthington*, 2 *Bland*, 533, and the authorities there cited.

3. Then, as to judgment No. 8, in audit No. 2, against Ennalls Hubbard, Thomas F. Garey, Thomas Lockerman and James Hignutt, it is sufficiently shewn that Hubbard, of whom Thomas F. Garey was trustee, is the principal debtor; and that Garey and Hignutt are co-sureties of Hubbard. And, as we have before stated, it is conclusively established that both this and judgment No. 7 were purchased for Thomas F. Garey, at a discount, after he became trustee of Hubbard; and the entry of them to the use of Matthew Garey, his brother, was a mere sham. That being so, and having, by reason of his conduct in refusing to make a frank disclosure of the amount paid for the judgments, forfeited and lost all claim to distribution to this judgment, No. 8, from the estate of the principal debtor, it is conceded that there is no right to enforce it against the estate of the surety. The principal being insolvent, and his estate having been discharged by the conduct of the creditor, there is manifestly no equity to require payment of the surety. *Onge vs. Truelock*, 2 *Moll.*, 31.

It follows from what we have said that the order appealed from must be reversed; but we shall do so without costs to the appellants, and remand the cause that another audit may be stated, in accordance with the opinion of this Court; and in which audit so to be stated, if there be any balance of the $500 standing to Thomas F. Garey's use on judgment No. 8, not paid by distribution from Hubbard's estate, he may be allowed his just proportionate part of it as against the estate of Hignutt, the co-surety.

*Order reversed and*
*cause remanded.*

(Decided 20th June, 1870.)