THE JUDD LINSEED AND SPERM OIL COMPANY, Appellant, v. HENRY W. HUBBELL, Impleaded, etc., Respondent.

Where, in an action against partners upon a partnership obligation, separate judgments are entered against each of the defendants, instead of a joint judgment against all, this is an irregularity merely; and the court has no power to set aside the judgments on motion, unless motion is made within one year after their rendition. (2 R. S., 359, § 2.)

(Argued March 18, 1879; decided April 1, 1879.)

The nature of the appeals, of the action, and the facts appear sufficiently in the opinion.

*Charles H. Tweed*, for appellant. The motion to set aside the judgments was not made in time, and the court below had no power to grant it. (2 Stat. at Large [Edm.'s ed.], 371, § 2; *Sherwood* v *Pratt*, 11 Abb. Pr. [N. S.], 115; Laws 1817, p. 178; 1 Burrill's Prac., 474; 2 Arch. Prac., 225; Arch. N. Prac., 414, 415; 10 John. R., 486; 10

Wend., 560; 1 How., 142; 3 Caines, 107; 6° Hill, 17; 4 Cow., 91; 5 id., 446; 1 Tidd's Prac., 562 [513]; 2 Dowl. P. C., 47; 2 B. & P., 110; 3 T. R., 7, 10; 2 Taunt., 243; 5 T. R., 464; 5 Taunt., 330; 2 B. & Ald., 373; 10 Johns., 486; 4 Cow., 91; 2 Johns. Cas., 74; 4 Paige, 288; *Esdaile* v. *Davis*, 6 Dowl. P. C., 465; *Delaplaine* v. *Hitchcock*, 6 Hill, 17; *D'Ivernois* v. *Leavitt*, 8 Abb., 59; *Jones* v. *U. S. Slate Co.*, 16 How., 129; *Patterson* v. *Graves*, 11 id., 91; *Bogardus* v. *Livingston*, 2 Hilt., 236; *Hinde* v. *Tubbs*, 10 Johns., 486; *Nichols* v. *Nichols*, 10 Wend., 561; *Brasher* v. *Van Cortlandt*, 2 Johns. Ch., 242; *Paper Works* v. *Willet*, 14 Abb., 119; *Bayne* v. *Slack*, 3 C. B. [N. S.], 363; *Van Benthuysen* v. *Lyle*, 8 How., 312; *Cook* v. *Dickerson*, 1 Duer, 679; *Witney* v. *Kenyon*, 7 How., 458; *Martin* v. *Lott*, 4 Abb., 365; *Shuyter* v. *Smith*, 2 Bosw., 277; *Brown* v. *Richardson*, 4 Robt., 603; *Jackson* v. *Rosevelt*, 13 Johns., 97; *Ingersoll* v. *Bostwick*, 22 N. Y., 425; *Johnson* v. *Carney*, 10 id., 570; Graham Prac., 702.)

*George H. Forster*, for respondent. The respondent had a right to move to correct the error in the judgment. (*Campbell* v. *Seaman*, 63 N. Y., 586–587.) The error in the judgment was not a mere irregularity, covered by section 2 of 2 Revised Statutes, 357, but was a substantial error, and the motion was properly granted. (Tidd's Pr., 561; *Simonson* v. *Blake*, 20 How. Pr., 484.)

Danforth, J. There are appeals in this case from two orders of the General Term of the Court of Common Pleas, in the city of New York ; one (of January sixth) reversing an order of the Special Term of that court and directing an amendment of the judgment in this action ; and the other (of February third) denying a motion made by the plaintiff to amend and resettle the first order. If the court had power to make the order of January, they could amend or refuse to amend it, and their determination is final ; and although many questions have been argued by counsel concerning this

matter, one only is properly before us for review.   Had the court power to make the order ?   Evidently it had, unless restrained by that provision of the statute which declares that "no judgment in any court of record shall be set aside for irregularity on motion, unless such motion is made within one year after the time such judgment was rendered."   (Title 4, part 3, chap. 6, art. 1, § 2, p. 359, vol. 2, R. S.)   As the judgment was rendered on the 27th of April, 1872, and the order did in effect set it aside and was made on motion, notice of which was not served until January, 1877, it is apparent that it is necessary to determine whether the cause upon which the court acted was or not an irregularity and nothing more.

At the outset, the plaintiff was called upon "to show cause why the judgment should not be vacated and set aside as irregular, in that a several judgment is entered against the defendant, Hubbell, for $40,950.29, and a several judgment is entered against the defendant, Taylor, for $43,420.70, instead of a judgment against the defendants jointly, pursuant to the summons and complaint, also as unauthorized by law."   The moving papers establish, beyond controversy, that the cause of action was a joint liability on the part of Hubbell and Taylor as co-partners.   This the complaint alleged ; the defendant Hubbell by his default admitted, and the defendant Taylor has had that fact found against him by a referee, and by his silence acquiesces in the finding.   Upon that determination, the plaintiffs, at the same time and by means of the same record or judgment roll, took judgments against the defendants separately, as stated in the order to show cause.   This was clearly irregular ; but we think it was nothing more.   The plaintiffs did not adhere "to the prescribed rule or mode of proceeding," by which they were entitled to a joint judgment, and which a due and orderly conduct of the suit required them to take. But this defect was merely technical and does not affect any substantial right of the adverse party.   It does not in any way increase the liability of the defendant, for upon each

partner rests an absolute liability for the whole amount of every debt due from the partnership; (Parsons on Partnership [2 ed.], 63); and although originally a joint contract, it may be separate as to its effects. Though all are sued jointly and a joint judgment obtained and a joint execution taken out, yet it may be enforced against one only. Each partner is answerable for the whole, and not merely for his proportionable part; and as the judgments were taken against each partner, for a partnership debt, the partnership property is bound to the same extent as if there had been but one judgment, for the whole, against both partners: (*Brinkerhoff* v. *Marvin*, 5 Johns. Ch., 326.) Nor does the form of the judgment in any way affect the debtor's relations with his co-partner; for if he pays the debt or judgment, he will be entitled to contribution or to a credit for the sum paid, in any accounting respecting the partnership affairs.

The order of the General Term, made January, 1879, reversing the order of the Special Term should be reversed, and the order of Special Term affirmed; and the appeal from the order of the General Term, made February, 1879, should be dismissed, without costs to either party.

All concur, except CHURCH. Ch. J., who was for dismissal of both appeals.

Ordered accordingly.