## HENRY J. WAGGONER, APPELLANT, *v.* ADAM W. WALRATH, RESPONDENT.

*Action against two sureties — entry of a jugdment against one only releases the other — Right of a co-surety to contribution — With knowledge of what facts the assignee of a judgment is chargeable.*

Where, in an action brought against the two sureties to a joint undertaking, both of the sureties are served, but judgment is entered against one only, such judgment cannot be enforced against the surety against whom it is entered for more than one-half of the amount due on the undertaking.

The other surety is by such entry of judgment against his co-surety, only, released from all liability to the obligor, and cannot be called upon for contribution by his co-surety.

An assignee of such a judgment is chargeable with notice of all the facts contained in the judgment roll, and has no greater rights than had his assignor.

APPEAL from a judgment, entered on the decision of the court at the Jefferson Special Term, dismissing the complaint, with costs

*Wayland F. Ford,* for the appellant.

*Porter & Walts,* for the respondent.

SMITH, J.:

The plaintiff and defendant, as co-sureties, executed two undertakings, one dated 29th October, 1874, on an appeal to the General Term by David F. Frederick from a judgment recovered against

him by John G. Butler; the other given 5th May, 1875, in a suit of Anson Harder against Catherine Frederick, upon the retaking by the defendant therein of certain property replevied by Harder. Butler's judgment was affirmed, and he sued Waggoner and Walrath upon the undertaking. He entered judgment against Waggoner alone for $440.46 damages and costs, and in January, 1877, or thereabouts, he assigned the judgment to Walrath, the present defendant.

Harder succeeded in his suit, and sued Walrath and Waggoner on the undertaking. On 29th January, 1876, he recovered judgment against Waggoner alone for $310.21 damages and costs, and on the same day assigned it to Mary Walrath, the wife of the present defendant, the husband furnishing the means to pay for the judgment.

In February, 1877, Walrath assigned the Butler judgment, and procured his wife to assign the Harder judgment to Andrew Waggoner, the father of the present plaintiff, for the sum of $600. Each assignment gave to the assignee, in terms, the right to enforce and collect the judgment at his own cost and expense, but without recourse to the assignor in any manner.

In June, 1878, the plaintiff herein obtained from his father a satisfaction piece of said judgments, giving his promissory note for the amount thereof, and then commenced this action to compel contribution.

The judge at Special Term found the facts above stated, and found also that when the defendant signed the undertaking in the Butler suit the plaintiff herein verbally agreed to indemnify the defendant against any liability thereon. The court held that such agreement was a bar to the claim for contribution by reason of any payment on account of that undertaking, and the findings and ruling upon that branch of the case are not questioned on this appeal.

The defendant gave some evidence tending to show that a like agreement was made in respect to the Harder undertaking, but the evidence was controverted and the court did not find in accordance with it.

The trial court further decided that the claim for contribution could not be maintained in respect to either undertaking, for the reason that, as the judgment on each of them was entered against

Waggoner alone, Walrath was thereby released from liability on the undertakings as against the plaintiffs in the judgments, and that the successive assignees of the judgments acquired no greater rights than were possessed by the original plaintiffs. That ruling presents the questions to be considered on this appeal.

Did the entering of judgment against Waggoner alone release Walrath from his liability upon the undertaking? In *Robertson v. Smith* (18 Johns., 459) the plaintiff had brought an action of assumpsit against S. & S. as partners and makers of a promissory note, and recovered a judgment, which was unsatisfied; and afterwards, discovering that P. & V. were also partners in the firm at the time the note was given, he brought an action against the four as makers of the same note. It was held that the judgment recovered against two of the defendants on the note was a bar to the subsequent suit against the four defendants for the same cause of action. The court dissented from the case of *Sheehy v. Mandeville* (6 Cranch, 253), in which the Supreme Court of the United States came to the opposite conclusion. *Robertson v. Smith* was followed in *Olmstead v. Webster* (8 N. Y., 413), where it was held that a debt owing by a partnership is merged in a judgment recovered against one of the partners, and that a *vacatur* of the judgment saving the rights of the partner not sued, would not revive the cause of action as against him. The doctrine of those decisions would seem to apply with still greater force to a case where, as here, the suit is against all the obligors, and they are all served; for in such cases, the fact that the plaintiff does not proceed to judgment against some of the defendants, affords a presumption that he *intended* to release them from their liability. In *Sheehy v. Mandeville* (*supra*), Ch. J. MARSHALL delivering the opinion of the court, said: "Had the action in which the judgment was obtained against J.," one of the partners, "been brought against the firm, the whole note would most probably have merged in that judgment."

The appellant's counsel contends that Walrath was not released, and he cites *Decker v. Judson* (16 N. Y., 439); *National Bank v. Spencer* (19 Hun, 569), and *Judd Oil Co. v. Hubbell* (76 N. Y., 543). But those cases do not touch the question. In *Decker v. Judson* the plaintiffs in replevin, by way of renewing their bond to the sheriff as a condition of the postponement of a trial, pro-

cured Judson to sign the bond beneath the names of the other obligors, without the knowledge or consent of the previous sureties. The defendants in the replevin having obtained judgment, brought an action on the bond, in which judgment was rendered in their favor against Judson, but against them in favor of the original sureties. Upon appeal by Judson, he claimed that his engagement was that of a co-surety, and it having been adjudged that the action could not be maintained against the original sureties, he was deprived of his right to call on them for contribution and therefore was released. The court held that, as he was not a party to the litigation between the former sureties and the obligor, he was not barred by the judgment therein from his action for contribution, and was not discharged. The question whether an obligee, by voluntarily entering a judgment against one only of two or more co-sureties sued together, thereby releases those against whom he does not proceed to judgment, was not in the case. In the case of *Spencer* it was held that the entering of judgment by default against three of four joint payees and indorsers of a promissory note, while an issue was pending undetermined upon an answer interposed by the fourth defendant, was an irregularity merely, which might be waived. And it was intimated that if one of the defendants against whom judgment was taken should pay the debt he would have a right to call for contribution from his co-indorsers, the obvious reason being that the entry of judgment against those who had suffered default did not discharge the defendant who had joined issue, it being a mere irregularity, and one of which the other defendants only could take advantage. In *Hubbell's case*, a separate judgment was entered against each of two joint debtors sued together, instead of one judgment against both; it was held to be a mere irregularity, which did not affect the relations of the debtors towards each other, as either would be entitled to contribution if he paid the debt. In other words, the right of contribution would be the same as if one judgment had been entered against both. There is nothing in these cases conflicting with the decisions first cited, and those decisions fully sustain the position that the entering of judgment against Waggoner alone, released Walrath from the debt. (See also *Pierce* v. *Kearney*, 5 Hill, 82, and cases cited by COWEN, J., 83, 84.)

Where one surety is discharged from his obligation to answer for the demand against the principal, he is not liable to his co-surety for contribution. So held where the surety was discharged in bankruptcy upon proceedings instituted by his own petition. (*Tobias v. Rogers*, 13 N. Y., 59.) So, also, where the discharge comes from the act or neglect of the creditor. This rule works no injustice to the co-surety who is held. In equity, when a co-surety has been released from his liability by the conduct of the creditor, the remaining co-surety will be held exonerated as to so much of the original debt as the discharged surety could have been compelled to pay had his obligation continued. (*Ex parte Gifford*, 6 Ves., 805; *Garey v. Hignett*, 32 Md., 552; *Davies v. Humphreys*, 6 M. .& W., 153; *De Colyar on Guar.*, 341, and note 2; *Morgan v. Smith*, 70 N. Y., 537.) The amount which one of two co-sureties can recover of his co-surety is what he has paid in excess of his moiety.

Applying these rules to the case, the judgments in the hands of the original plaintiff could not have been enforced against Waggoner for more than one-half of their amount. Each successive assignee took them subject to the same disability, and the plaintiff in this suit, by satisfying the judgments, acquired no right to call on the defendant for contribution. He simply paid off his own liability, and it was his own folly if he paid more than he was legally liable for.

There is no estoppel in the case, and no implied warranty that the face of the judgments was the amount due. The assignment from Mrs. Walrath was without recourse. All parties dealing with the judgments were bound to take notice of their contents, and of the contents of the judgment rolls on which the judgments were based. Such parties were thus advised of the true amount for which the judgments could be enforced, and the plaintiff especially, as a party to the judgments, was bound to know that his payment of them would give him no right of contribution against the defendant.

If the foregoing views are correct, it is immaterial whether the defendant furnished the money which his wife paid for the Harder judgment, or whether the plaintiff knew that such was the fact when he satisfied the judgment, of which knowledge the counsel for the appellant says there is no proof.

The appellant's counsel insists that there is no evidence to war-

rant the finding that at the time when the defendant's wife sold the judgment to Andrew Waggoner, the defendant claimed that the plaintiff should pay the full amount of the judgment. We have not been able to find in the case any evidence to that effect, but the absence of the evidence does not weaken the defense.

We are of the opinion that the judgment should be affirmed, with costs.

TALCOTT, P. J., and HARDIN, J., concurred

Judgment affirmed, with costs.