Corn Exchange Bank of Chicago, Appellant, *v.* Alphonso W. Blye, as Receiver, etc., Respondent.

When an error has been made in the form of a judgment, by which its scope has been enlarged or its amount increased beyond that plainly authorized by a verdict, referee's report or decision of the court, the judgment is not void or inoperative, and no question is presented for the consideration of the court on appeal; the error is an irregularity merely, which must be corrected, if at all, by motion in the court of original jurisdiction, to be made within one year after notice of the judgment or filing of the judgment-roll. (Code Civ. Pro. §§ 724, 1282.)

In an action to recover possession of certain bonds, with damages for detention, the court ordered a verdict for plaintiff, and, with the consent of both parties, ordered an assessment for the value of the property, "including damages," at $25,315.18, and a verdict was rendered accordingly. Judgment was entered directing a delivery of the bonds, with $2,315.18 damages for their detention, and, in case delivery should not be had, that plaintiff recover $25,315.18. A copy, with notice of entry, was served upon defendant, who appealed. After affirmance of judgment on appeal, and more than a year after such service, defendant moved to vacate so much of the judgment as provided for payment of damages in case of return of the bonds. *Held*, that the question was not presented on the appeal, and so the decision thereon did not deprive the court of jurisdiction to hear the motion; but, *held*, that the court had no authority so to do because it was made after the expiration of the time limited.

*Corn Exchange Bank of Chicago* v. *Blye* (54 Hun, 312) reversed.

(Argued January 27, 1890; decided February 25, 1890.)

Appeal from order of the General Term of the Supreme Court in the first judicial department, made November 7, 1889, which reversed an order of Special Term denying a motion to correct a judgment. The nature of the action and the material facts are stated in the opinion.

*Robert L. Wensley* for appellant. The order of the General Term reviews and in part reverses the judgment of the Court of Appeals upon the record, which was presented to this court upon defendant's appeal from the judgment. This oversteps the jurisdiction of the General Term, and is in excess of its lawful authority. (*Hone* v. *DePeyster*, 106 N. Y. 648; *Brigg* v. *Hilton*, 99 id. 531; *Williams* v. *Thorn*, 81 id. 382; *De Laballette* v. *Wendt*, 75 id. 579; *Sheridan* v. *Andrews*, 80 id. 648, 650; *Marshall* v. *Boyer*, 5 N. Y. Supp. 150; Code Civ. Pro. § 1317; *Gelston* v. *Codewise*, 1 Johns. Ch. 189; 4 Wait's Pr. 243.) There was no error in the judgment nor in the verdict directed. (*N. Y. G. & I. Co.* v. *Flynn*, 55 N. Y. 653.) The theory of defendant's counsel, adopted by the court below, that in an action to recover the possession of coupon bonds bearing interest, plaintiff is entitled to no damages for detention of such chattels, is unsound in law and leads to absurdity. (*Bailey* v. *County of Buchanan*, 115 N. Y. 297.)

*Elihu Root* and *Samuel B. Clarke* for respondent. For a clerical or ministerial error the proper remedy in the first instance is a motion in the court that tried the case. (*Leonard* v. *N. Co.*, 84 N. Y. 48, 55, 56; *People* v. *Goff*, 52 id. 434; *Cole* v. *Tyler*, 65 id. 77; *Cagger* v. *Lansing*, 64 id. 417, 432; *Ingersoll* v. *Bostwick*, 22 id. 425; *Young* v. *Atwood*, 5 Hun, 234.) The error being not merely an irregularity, but affecting a substantial right, the court has an inherent power to correct it at any time, and its power is not restricted by the Code provisions limiting the time within which motions, that affect irregular procedure only, can be made. (*Hatch* v. *C. N. Bank*, 78 N. Y. 487; *Dinsmore* v. *Adams*, 48 How. Pr. 274; 5 Hun, 149; Code Civ. Pro. § 723; *Griswold* v. *Haven*, 26 How. Pr. 170.)

Ruger, Ch. J. This appeal presents the question whether the court have authority to vacate and annul so much of a judgment in replevin, as provided for the payment of dam-

ages for the detention of the property, in addition to its return, after four years from the entry of the judgment, and the same had been affirmed in the court of last resort. The ground upon which the application was made, was that the verdict of the jury did not state the specific sum awarded for damages from detention, and that such damages were, therefore, incorporated in the judgment without authority. Upon the hearing at Special Term before the judge who tried the cause, the motion was denied, but upon appeal this order was reversed by the General Term and the motion was granted.

The action was for the recovery of forty-six bonds of $500 each, with coupons attached, alleged to be of the value of $35,000, and damages for detention in the sum of $5,000. The court decided, at the close of the evidence, that the plaintiff was entitled to a verdict for the return of the bonds. Some conversation thereupon ensued between the respective counsel in regard to the value of the property and the amount of damages for its detention, and the court ordered a verdict for the plaintiff, and, with the consent of both parties, directed an assessment for the value of the property, *including damages*, at $25,315.18. The judgment entered on the verdict provided that the plaintiff should have delivery of the bonds and $2,315.18 damages for their detention, and, in case delivery should not be had, that plaintiff have and recover $25,315.18 damages for the detention of said chattels. The judgment was entered in November, 1885, and a copy thereof, with notice of entry, was immediately served upon the defendant, and he soon thereafter appealed from the judgment.

It is claimed that the verdict did not authorize the judgment, so far as it provided for the sum of $2,315.18 as damages for detention, in case the property was delivered, and this motion was made to vacate that portion in June, 1889.

It is urged, on this appeal by the plaintiff, that the court below had no power to vacate or modify the judgment actually entered, after it had been affirmed by the appellate courts. This contention rests upon the question whether the error in entering the judgment raised a question which could be availed

of by the defendant on appeal; if it could, then, obviously, the court below could not afterwards change the substantial character of the judgment affirmed. We think the decisions are uniformly to the effect, that when an error has been made in respect to the form of the judgment, by which its scope or amount has been enlarged or increased beyond that plainly authorized by a verdict, referee's report or decision of a court, a question is not presented for the consideration of the court on appeal; but the error must be corrected, if at all, by motion in the court of original jurisdiction. (*Leonard* v. *Col. St. Nav. Co.*, 84 N. Y. 48; *People ex rel.* v. *Goff*, 52 id. 434; *Campbell* v. *Seaman*, 63 id. 568; *Cagger* v. *Lansing*, 64 id. 417; *Johnson* v. *Carnley*, 10 id. 570; *Moran* v. *Chase*, 52 id. 346; *Patten* v. *Stitt*, 50 id. 591; *Ingersoll* v. *Bostwick*, 22 id. 425.)

The case of *Sheridan* v. *Andrews* (80 N. Y. 648) is not an authority to the contrary. There a judgment in favor of several defendants, awarding costs respectively to such defendants, was affirmed in this court. It was held that the Supreme Court could not, after such affirmance, vacate the judgment as to costs, inasmuch as the right thereto depended upon the case made and was one of the questions presented to this court for consideration upon appeal, and, having been specially adjudicated, could not be reviewed again in the court below.

But the appellant also urges that the order made by the General Term violates the provisions of section 1282 of the Code of Civil Procedure, which provides that a motion to set aside a final judgment for irregularity, shall not be heard after the expiration of one year from the filing of the judgment-roll. It was held in the court below, that this section did not apply, for the reason that the addition to this judgment was not an irregularity, but was entirely and wholly unauthorized. It was further said that it was illegal and without any foundation for it to rest upon. We do not think the reasons alleged are sufficient to show that the act complained of was not an irregularity within the meaning of the statute; for, whatever may be the character of an irregularity,

we suppose it must always consist of some act done without legal authority. The irregularities referred to are necessarily those arising in practice and consist of some step or proceeding taken in the prosecution or defense of an action, which is without authority of law, or contrary to some rule of practice.

It is said in Graham's Practice (p. 702): "An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding, and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner." The term is apparently used in contradistinction to jurisdictional defects, which courts have no power to authorize or approve.

We are of the opinion that the claim introduced into the judgment, which was not specifically described in the verdict, was an irregularity merely, which was not void, but was subject to be corrected by motion alone. (See § 724, Code of Civil Procedure.)

The Code required the jury to find the damages occasioned by detention, and they did so, but erroneously added the sum found to the amount assessed as the value of the property. The defendant does not object to the total valuation; but only to distribution of the gross sum found to its respective elements of damage. To give effect to this objection would occasion a loss of all damages for detention to the plaintiff in case the property is returned. It was undoubtedly irregular for the clerk to make this distribution without an order of the court; but his doing so was not wholly unwarranted, as the verdict rendered furnished some grounds for awarding damages for detention. The verdict having been rendered by direction of the court, it could, on motion, amend the verdict to make it conform to its intention. (*Hodgkins* v. *Mead.**)

The Code requires the clerk to make up the judgment-roll, and the judgment is required to conform to the terms of the verdict or decision (§ 1189); but in case it exceeds the relief, or sum, awarded thereby, it is an irregularity for which the

---

**Ante,* page 166.

·remedy is by motion alone, to be made within one year after notice of the proceeding (§ 724, Code).

The defendant, in his moving papers, terms this an irregularity, and so it has been described to be in numerous cases. In *Johnson* v.·*Camley* (*supra*), where, upon a verdict for the plaintiff in replevin, he entered a judgment for the absolute recovery of damages, instead of one in the alternative for damages or a return of the property as required by statute, it was held that the only remedy was a motion to set it aside for irregularity. The same question, for a similar error, was raised in *Ingersoll* v. *Bostwick* (*supra*), and was decided in the same way, the court saying: "This was the entry of a judgment different from that directed by the referee, and was; unless done by consent of the parties, an irregularity, to be corrected by the court below."

*Cagger* v. *Lansing* (*supra*) was an action in ejectment in which a verdict was directed for the plaintiff for damages for withholding possession of the premises when no foundation was laid in the case for such damages. · Judge FOLGER says: "It is true that the judgment entered herein does speak of the sum recovered as damages for the withholding of the possession, but that is not an error brought up by the exception. It is indeed an irregularity in the entry of judgment which would have been corrected on motion."

In *People ex rel. Oswald* v. *Goff* (*supra*) the late Chief Judge CHURCH says: "The provision in the judgment for a restoration of the money collected on the tax is improperly there. The order of the Special Term allowing it having been reversed by the General Term, it is the same as though no authority ever existed, but it is not properly before us on. this appeal. Having been inserted without authority, the proper remedy is by motion to correct the judgment." In *Leonard* v. *Columbia Steam Navigation Co.* (*supra*) the plaintiff had inserted in the judgment-roll, in an action of tort, a sum for interest without authority from the verdict or otherwise. The court say: "Where a clause is inserted in the judgment without authority the proper remedy is by

motion to correct the judgment, and not by appeal." Judge RAPALLO says, in *Moran* v. *Chase* (*supra*), a mechanic's lien case, that "the personal judgment entered against the owner is not warranted by the report of the referee, and does not seem to be warranted by the statute. The proper remedy for this irregularity was, by motion to the Supreme Court, to correct the judgment so as to make it conform to the report." (See, also, *Campbell* v. *Seaman, supra*.)

Such judgments are not void or inoperative, but are simply irregular, and may be waived or acquiesced in by delay in moving to vacate, or by taking an appeal therefrom. (*Judd Linseed and Sperm Oil Co.* v. *Hubbell*, 76 N. Y. 543; *Nat. Bk.* v. *Spencer*, 19 Hun, 569; *Mayor, etc.*, v. *Lyons*, 1 Daly, 296; *Brigg* v. *Hilton*, 99 N. Y. 517; Graham's Pr. 702 *et seq.*)

We think the statute referred to presents an insuperable bar to the motion to vacate, and that the order of the General Term should be reversed and that of the Special Term affirmed, with costs in this court and the Supreme Court.

All concur.

Judgment reversed.

