Argued May term, 1913, before LEHMAN, BIJUR, and WHITA-KER, JJ.

Lucian H. Levison, of New York City (Mayer B. Sulzberger, of New York City, of counsel), for appellant.

Albert Blogg Unger, of New York City, for respondent.

LEHMAN, J.    [1] The plaintiff has brought suit upon a written promise to pay the sum of $50. The written instrument is set forth in the complaint, and is not negotiable. Consideration for the promise must therefore be both pleaded and proven.

[2] It was not pleaded, and, in my opinion, was not proven. It appears that the plaintiff's assignor was employed as an actress by a corporation of which the defendant was a stockholder and manager. The only proof presented by the plaintiff of consideration was that the defendant admitted to plaintiff's former attorney "that he had given that note for two weeks' services as a vaudeville performer in the opera house at Washington, Del., that he had taken over a theatrical venture there," and that he would pay the note if given time. To meet this testimony, the defendant showed that the corporation had failed to pay the salary of the plaintiff's assignor for about three weeks, and that he had then personally given this note, saying:

"Now, remember, there is no obligation on my part to advance this money to you. I am giving this to you as a favor to you."

This testimony is not contradicted. He also testified that he told plaintiff's attorney only that the note was a moral obligation. Even though the defendant was a stockholder in the corporation and was interested in its profits, he was not bound to pay its debts. If he did promise to pay the debts, and the promisee gave up no rights in return for that promise, the promise was without consideration. The testimony of the plaintiff's former attorney is not inconsistent with the testimony of the defendant, and is, under the circumstances, not sufficient to show consideration.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(157 App. Div. 310.)

## In re LONG ISLAND LOAN & TRUST CO.

(Supreme Court, Appellate Division, Second Department.   June 6, 1913.)

1. EXECUTION (§ 8*)—TRUSTS (§ 227*)—IRREGULAR JUDGMENT—COMPENSATION FOR DISBURSEMENTS.

   In an action between a cestui que trust and a trustee, where judgment was rendered in favor of the cestui, no objection being made by the trustee as to its form, such judgment, although irregular, will, until modified by the court upon proper application, support the issuance of execution and warrant the payment in accordance with its terms. Therefore a trustee, who refused to pay over the funds in accordance with

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the judgment, thus necessitating the issuance of execution, is not entitled to reimbursement therefor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 16; Dec. Dig. § 8;* Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

2. TRUSTS (§ 227*)—EXPENSES—ATTORNEY'S FEES.

Where a trustee refused to deliver to the cestui certain property due under the terms of the trust, and, after an adverse judgment in one court upon a submitted controversy, appealed to a higher court, where judgment was again in favor of the cestui, it was not entitled to attorney's fees for the whole proceedings; it appearing that the submission provided for none, and that its second appeal was of no benefit to the cestui.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 324; Dec. Dig. § 227.*]

3. TRUSTS (§ 312*)—INTEREST ON TRUST FUND—DEDUCTION.

Where a trustee returned to the cestui part of the trust fund under an execution calling for interest from the date of a judgment, the amount of such interest may be deducted upon a final accounting; it appearing that, before that payment, interest on the whole amount, including that sum, had been paid.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 431; Dec. Dig. § 312.*]

Appeal from Special Term, Kings County.

In the matter of the judicial settlement of the accounts of the Long Island Loan & Trust Company, as trustee under a deed of trust made by Magdalena Schmadeke. From a judgment allowing the trustee certain disbursements, the grantor appeals. Reversed and remanded, with directions.

See, also, 139 App. Div. 258, 123 N. Y. Supp. 994.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Charles J. Ryan, of Brooklyn, for appellant.

George S. Ingraham, of Brooklyn, for respondent.

BURR, J. In 1910, a controversy between Magdalena E. Hoskin and the Long Island Loan & Trust Company was submitted upon an agreed statement of facts. The question to be determined was whether a trust created by Magdalena E. Schmadeke (who had married subsequently to the creation of such trust and was the plaintiff, Magdalena E. Hoskin), and which trust consisted of $25,000 in personal property, had been terminated as to $10,000, a part thereof. The submitted case provided that the court should "render such judgment as should be proper under the above facts." This court determined that the trust had been terminated as to $10,000, and the effect of that was that the defendant the Long Island Loan & Trust Company had in its possession $10,000 to which the plaintiff was entitled. There was no necessity for any provision in said judgment directing a conversion of the trust fund. The trust fund was already personal in character. Upon the decision in that case, a judgment was entered, without, so far as appears, any objection on the part of the defendant, that Magdalena E. Hoskin have judgment against

said defendant for the sum of $10,000. That judgment was appealed from, and was affirmed by the Court of Appeals on the opinion below. 203 N. Y. 588, 96 N. E. 1116. The $10,000 was not paid, and plaintiff issued an execution under the judgment, as under the form of the judgment she was entitled to do, and the money was collected by the sheriff.

Upon the settlement of the trustee's accounts, said trustee claimed credit for the sum of $141.78 paid for sheriff's fees, and $317.80 paid to counsel for services in this litigation. The trustee also claimed credit for interest on the trust fund from June 28, 1910, to December 21, 1911, which the trustee claimed to have paid. Objections were made by the beneficiary, Mrs. Hoskin, to the allowance of these three amounts, the objections were overruled, the account settled accordingly, and she appeals.

[1] We think as to two of the amounts the objection was well taken. If plaintiff was justified in issuing an execution to recover the $10,000 which the judgment directed her to recover from the defendant in said submitted controversy, defendant cannot impose upon her the sheriff's fees paid on such execution. Under the form of the judgment, she clearly was entitled to issue such execution. Appellant now contends that the judgment was not in proper form. We are not sure that, considering the provisions of the original case as submitted, this form of judgment was not fully authorized; but, be that as it may, the defendant acquiesced in it, and, until the judgment is modified in form, any proceeding properly taken under it is not only not void, but not even irregular. The case of Corn Exchange Bank v. Blye, 119 N. Y. 414, 23 N. E. 805, referred to by the learned justice at Special Term, is not only not an authority in support of the contention, but an authority directly to the contrary. If the judgment is to be modified in form, application must be made to this court to modify it, and no such application has been made either to this court or to the court at Special Term, nor has any order been entered modifying it. Therefore, the objection to the attempt to make the plaintiff in said action pay the sheriff's fees for collecting the money judgment in her favor against the defendant should have been sustained.

[2] So, also, the objection to the payment of counsel fees on the part of the trustee to its own attorney should have been sustained. There was no provision in the case as submitted with regard to costs. Costs were therefore in the discretion of the court. We thought, under the circumstances, that the defendant trustee was justified in submitting the question in dispute to this court, and therefore our judgment was that no costs should be awarded to either party as against the other. That judgment was a sufficient protection to the trustee; but it was unwilling to rely upon it, and took the case to the Court of Appeals, involving Mrs. Hoskin in further expense, with no beneficial result to her or to the trustee. To allow the trustee now to charge counsel fees against her for this entire litigation would be, not only unjust so far as the expense of litigation in the Court of Appeals is concerned, but would be directly contrary to the decision

of this court to the effect that each party to the litigation should bear her or its proportionate part of the costs thereof.

[3] As to the objection for the allowance of the sum paid for interest, the record is exceedingly confused. It would seem that, between January, 1910, just before an attempt was made to terminate this trust, and January, 1912, when the trust was terminated and the money paid over, a sum was paid to the beneficiary nearly equivalent to interest on the $25,000, and as to the balance the trustee claims that by reason of lack of opportunity to invest the funds no income was earned. It is to be presumed that the execution called, not only for the collection of the judgment, but interest thereon at 6 per cent., and that the plaintiff in said action received that. If so, the trustee should be permitted to charge back such sum, being equivalent to interest on that amount at the rate actually received by it during the period; otherwise, the beneficiary receives double interest.

The order appealed from should be reversed, with costs to the appellant, and the proceedings remitted to the Special Term of this court to settle the account in accordance with this opinion, with leave to either party to introduce further evidence upon the question of interest only. All concur.