CLARA E. BROWN, Plaintiff, *v.* FRANCIS T. SHYNE, Defendant.

Supreme Court, Onondaga Special Term, October 20, 1924.

Judgments — form — motion to correct form of judgment by striking out provision to effect that recovery was for malicious, willful or intentional injuries — verdict was general verdict for $2,000 — declaration reciting what damages involved improper — failure to enter judgment pursuant to Civil Practice Act, § 495, requiring entry of judgment in conformity with verdict — form of judgment may be corrected by motion.

A motion by the defendant to correct the form of a judgment, predicated upon a general verdict of a jury for $2,000 damages, by striking therefrom a provision to the effect that the recovery was for the malicious, willful or intentional injuries inflicted on the plaintiff by the defendant, should be granted, since section 495 of the Civil Practice Act provides that " the clerk must enter judgment in conformity with the verdict," and, furthermore, it has never been customary to insert in the judgment the theory upon which damages were awarded.

If the form of the judgment be incorrect, the error is an irregularity, which may be corrected by motion.

MOTION by defendant to correct form of judgment by striking out a provision to the effect that the recovery was for the malicious, willful or intentional injuries inflicted upon the plaintiff by the defendant.

*James Coupe*, for the motion.

*William F. Dowling*, opposed.

EDGCOMB, J. A judgment is the determination of the rights of the parties to the action. Civ. Prac. Act, § 472. When this judgment stated that it was adjudged that the plaintiff recover of the

defendant the sum of $2,000 damages, it pronounced the judgment of the court. It was not necessary or proper to go further and declare what the damages were for. *Beebe* v. *Mead,* 101 App. Div. 500, 506. It has never been customary to insert in the judgment the theory upon which damages were awarded. The nature of the action is determined from the pleadings, which are a necessary part of the judgment roll, and which must be filed immediately upon the entry of judgment. Rules Civ. Prac. rule 202.

In this case the verdict was a general one in which the jury found for the plaintiff in the sum of $2,000. The jury did not say that such sum was damages for malicious, willful or intentional injuries. Section 495 of the Civil Practice Act provides: " Upon the application of the party in whose favor a general verdict is rendered, the clerk must enter judgment in conformity with the verdict, unless a different direction is given by the court, or it is otherwise specially prescribed by law."

This judgment has not been entered in conformity with the verdict. This section has not been complied with. A provision has been added to the final determination of the rights of the parties which was never found by the jury.

I think that the words complained of are improperly inserted in the judgment, and should be stricken therefrom. When the form of the judgment is incorrect, the error is an irregularity, which can be corrected by motion. *Corn Exchange Bank* v. *Blye,* 119 N. Y. 414.

Motion granted, with ten dollars costs.