BOARD OF HUDSON RIVER REGULATING DISTRICT, Plaintiff, *v.* ———————— DE LONG and Others, Defendants.

Supreme Court, Saratoga County, August 13, 1929.

*Charles W. Walton,* for the plaintiff.

*Edward S. Coons* and *George O. Tuck* [*Lawrence B. McKelvey* of counsel], for the defendants.

BREWSTER, J. In the above condemnation proceeding a judgment of this court was duly made and entered in the Saratoga county clerk's office on July 26, 1927, adjudging that the condemnation of certain portions of defendants' lands was necessary for the use of the plaintiff, a public corporation created by statute, and by statute invested with the power of eminent domain. Thereupon commissioners for appraisal were duly appointed, and such subsequent proceedings were then had and taken that a motion came on before me at the Washington County Trial and Special Term at Hudson Falls, N. Y., on April 16, 1928, made by the plaintiff herein for the confirmation of the report of the commissioners, wherein they had made divers awards to the several defendants, and for a final order directing that compensation be made pursuant thereto. The motion for the confirmation was contested on the grounds that the awards were inadequate in amount, that the commissioners failed to properly report the premises thereof and had erroneously excluded some and disregarded

other competent testimony as to value. At request of counsel, decision was reserved, and briefs were later submitted along with the testimony and record of the proceedings before the commissioners. Thereafter I wrote a brief memorandum holding that the report of the commissioners should be confirmed and called for the submission of the order. Such final order was thereafter mailed to me. It was necessarily voluminous, and, on the assumption that it conformed to all the statutory requirements, I signed and returned it without study or detailed examination. As so submitted and signed, it contained this clause, viz.: "*Further Ordered*, that the plaintiff, the petitioner, upon making all of the aforesaid payments for the aforesaid described premises, *with interest for thirty days from the entry of this order*, is entitled to take and hold the said premises described in said judgment, as above set forth, as by law provided for the public use specified in the petition and judgment herein." (Italics mine.)

This motion has been made by the defendants to correct the aforesaid order by amending its above-quoted portion so as to conform it to the statute, and the question arises whether there is thus presented a mistake of law that may not be thus remedied. The statute (Conservation Law, § 457)* provides that payments of the amount due upon the final order and judgment shall be made out of the general fund of the district " with interest *from the date of the judgment until thirty days after the entry of such final order and judgment.*" This very section provides thus with express reference to proceedings taken under the Condemnation Law wherein the procedural regulation of a *judgment* of condemnation followed by the *final order* for payment of compensation is prominent and basic.

In my judgment the defect in the order in question is an irregularity and omission capable of being corrected and supplied by the present motion. The provision sought to be corrected is not in conformity with the statute (Conservation Law, § 457; *Board of Hudson River Regulating Dist.* v. *Fonda, J. & G. R. R. Co.*, 249 N. Y. 445, 456, 457), and its incorporation in the order in question was against the sanction of the statute and, therefore, without authority. It has been held that, where a clause allowing interest was " inserted in the judgment without authority the proper remedy is by motion to correct the judgment, and not by appeal." (*Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 48, 55, 56.) So, too, in a foreclosure action where an allowance was granted in excess of the statutory permission it has been held the

---

* Renumbered from section 455 by Laws of 1928, chap. 282. Section 455 added by Laws of 1915, chap. 662, and amended by Laws of 1922, chap. 665.— [Rep.

proper procedure to remedy the error was by a motion to correct the judgment. (*Kraushaar* v. *Meyer*, 72 N. Y. 602.) In *Corn Exch. Bank of Chicago* v. *Blye* (119 N. Y. 414, 417), RUGER, Ch. J., wrote: " We think the decisions are uniformly to the effect, that when an error has been made in respect to the form of the judgment, by which its scope or amount has been enlarged or increased beyond that plainly authorized by a verdict, referee's report or decision of a court, a question is not presented for the consideration of the court on appeal; but the error must be corrected, if at all, by motion in the court of original jurisdiction." (Citing *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 48; *Cagger* v. *Lansing*, 64 id. 417; *Johnson* v. *Carnley*, 10 id. 570; *Ingersoll* v. *Bostwick*, 22 id. 425.) I think it is plain that in the instant case the error in the final order which is here sought to be corrected was in respect to its *form*, by reason of which its scope and amount was cut down and decreased below that which the statute made mandatory upon the confirmation of the commissioners' report.

An allowance of the interest which the statute (Conservation Law, § 457) provides for is neither discretionary nor justiciable. It attaches to the award as a matter of form under the positive mandate of the statute. The provision of the final order in question is thus an irregularity, in that it presents a " want of adherence to some prescribed rule or mode of proceeding." (*Corn Exch. Bank of Chicago* v. *Blye, supra.*) The failure of a judgment to follow the directions of the statute is an irregularity remediable by motion in the court that granted it when made within the permitted period. (Civ. Prac. Act, § 521; *Stuyvesant* v. *Weil*, 26 Misc. 445, 454.) The amendment sought for in the final order does not involve the merits of the determination made by force of the judgment and final order. There is presented no error in substance that affects the judgment. The matters of plaintiff's acquisition of defendants' lands and the confirmation of the commissioners' award of compensation therefor stand unchanged. The form of the consummation of the judgment is merely adapted to the statutory requirement by the inclusion of a direction for the payment of the interest which attaches to the award as a matter of course because of the force of statute law. (See *Gilmore* v. *Hirschman*, 188 App. Div. 218, where the omission from a judgment of the words " with interest " was held to be a mere clerical error in a case where the plaintiff's right to interest was a " matter of course " by force of substantive law.) A clerical error in the entry of a judgment " or the omission of a right or relief to which a party is entitled as a matter of course may alone be

corrected by the trial court through an amendment." (*Herpe* v. *Herpe*, 225 N. Y. 323, 327.)

In *Bullard* v. *Sherwood* (85 N. Y. 253), which plaintiff cites, judgment by default without application to the court had been regularly obtained, and the question was as to the permission of an amendment of the judgment by excluding interest on the amount that had been sued for. It was held that this could not be done because there the subject-matter of the proposed amendment was one "of substance and not of form." The court (at p. 257) wrote, "the question raised and argued is the plaintiff's right to recover interest." And in *Stannard* v. *Hubbell* (123 N. Y. 520), the other authority upon which plaintiff relies, the legality of the order amending the judgment was not passed upon for reasons there stated. (See 123 N. Y. 527.)

Motion granted, with costs. Settle order on notice.