JOHN POLHEMUS PRINTING COMPANY, a Corporation under the Laws of New Jersey, Respondent, *v.* HARRY C. HALLENBECK, Appellant.

*Immaterial alteration of a bond, after its execution by two partners, by one of them — interest is not allowable on a bond to secure a renewal of a lease.*

The insertion in a bond given by partners in a partnership transaction, after its execution and before its delivery, of a provision entirely immaterial to the liability imposed by it, at the direction of one partner without the knowledge or consent of his copartner, does not release the latter from liability upon the bond — certainly not in the absence of proof that the obligee knew of such alteration.

In an action brought upon a bond to secure the performance of a covenant contained in a lease to procure, at the expiration thereof, a renewal of the term, the plaintiff is not entitled to interest on the amount of the bond, as such a bond is not one for the recovery of money only, within section 1915 of the Code of Civil Procedure.

Ingraham, J., dissented.

Appeal by the defendant, Harry C. Hallenbeck, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of March, 1899, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of February, 1899, denying the defendant's motion for a new trial made upon the minutes.

*Abel Crook,* for the appellant.

*James Parker,* for the respondent.

Patterson, J. :

This action was upon a bond for the breach of a condition to procure for the plaintiff a renewal of a lease of certain premises in the city of New York, at a yearly rent of $7,200. The premises belonged to the Roosevelt estate, and Wynkoop & Hallenbeck were lessees thereof. The plaintiff was a sub-lessee, holding under Wynkoop & Hallenbeck for a term of three years, with a privilege of renewal for five years more at the same rent of $7,200 when a new lease should be given to Wynkoop & Hallenbeck by the owners of the building. The defenses are, in substance: *First,* that the plaintiff relieved the defendant of liability on the bond or of the obligation to procure a sub-lease, because, without the consent of the defendant or of Wynkoop & Hallenbeck, and of its own volition, it negotiated with the owners of the premises and secured a new lease ; *second,* that the plaintiff so interfered with Wynkoop & Hallenbeck in their negotiations with the owners of the premises as to prevent that firm from securing a renewal of the lease, pursuant to their contract with the plaintiff.

We do not find that the case differs in any essential feature from the condition in which it stood when it came before us on a former appeal (30 App. Div. 524). The same questions are discussed and upon substantially the same proofs. We held upon the former

appeal and now hold, that the bond upon which the plaintiff's cause of action arises must be construed in connection with the lease from Wynkoop & Hallenbeck to the plaintiff. In that lease the covenant for renewal is very clear. The condition of the bond relates to that covenant of renewal and is not susceptible of any other construction. The provision in the lease respecting the renewal for five years at the same rent *when* a new lease is given to Wynkoop & Hallenbeck by the owners of the property was fully considered on the former appeal as was also the testimony respecting the acts of the representative of the plaintiff in negotiating with Wynkoop & Hallenbeck and with the Roosevelt estate.

It is claimed that the testimony upon the last trial puts a different phase upon these negotiations, but we do not so understand it. They were undertaken by the plaintiff to induce the defendant to get the renewal lease from the Roosevelt estate one year before the termination of the then current lease. The reason of entering upon the subject at that early date was the necessity which the plaintiff was under of making arrangements a long time in advance to move its extensive printing establishment, and Wynkoop & Hallenbeck acquiesced in the subject being then taken up and disposed of. Several months elapsed from the first request to the demand that final action be taken by the defendant. Wynkoop & Hallenbeck did undertake the negotiation with the owners and succeeded in inducing such owners to recede from a demand of $9,500 and to agree to accept a rent of $8,000, but that was $800 more than the amount at which the renewal was to be procured. Propositions were then made by the defendant to divide the difference so that each party would pay one-half. There is some little conflict of testimony with respect to what was said and done between Mr. Tobin, the representative of the plaintiff, and Mr. Hallenbeck as to the status of the negotiations on the afternoon of the day on which the plaintiff took the lease directly from the Roosevelt estate; but it was for the jury to pass upon that, and we see no reason to interfere with the verdict. The case stands, substantially, as it stood before, viz., that there was a breach, which entitled the plaintiff to recover.

It is further claimed, however, that the defendant Hallenbeck is not liable upon the bond because of an alteration, assumed to be material, made in it without his knowledge or assent and which he

insists affects the subject of his liability. This matter was also before us on the former appeal, but was not considered in the opinions rendered upon the decision of that appeal. The bond was executed under the hand and seal of Mr. Wynkoop and Mr. Hallenbeck in the presence of one Moore, as subscribing witness, and it was conditioned for the procurement by Wynkoop & Hallenbeck for the Polhemus Printing Company of a renewal of the lease of the premises (121 Fulton street and 48 Ann street) at the same rent. After the bond was executed, it was brought back by Mr. Wynkoop, one of the obligors, to the subscribing witness, and he inserted, at Mr. Wynkoop's request, the words " for a further term of five years." Wynkoop thereupon signed a notation that the insertion was made part and parcel of the bond and that was witnessed by Mr. Moore. Mr. Hallenbeck was not present and did not sign it. That the bond without the alteration was signed and sealed by the defendant Hallenbeck is not denied. It does not appear that the bond was delivered to the plaintiff before the interlineation was made. There is nothing whatever in the case to show that the plaintiff or anybody acting for it had any part in the alteration of this instrument or knew anything about its having been altered before its delivery. That the alteration was made by the direction of one of the obligors upon the bond, the copartner of the other obligor, is fully proven and the bond was given in a copartnership transaction. We are not called upon to apply the rule of law respecting material alterations made in written instruments, for in this case there is nothing which changes the liability of Mr. Hallenbeck on this bond by reason of the words inserted in it at the direction of his partner. They are entirely immaterial to that liability. Construing the bond and lease together, as we have heretofore held must be done, the bond became forfeited when the renewal referred to in the lease was not procured; and, whether that renewal was stated to be for five years or any other period does not affect the question of liability, so long as that liability attached to the failure to procure the renewal of the specific lease referred to in both the lease and the bond.

An exception was taken by the defendant Hallenbeck to an instruction of the court authorizing or directing the jury to add interest to the amount of the bond. This exception was well taken. The bond was not one for the recovery of money only. We have

seen that it was given for the performance of a covenant in a lease, and have held that it must be construed in connection with that lease. By section 1915 of the Code of Civil Procedure it is enacted that the damages to be recovered for a breach or successive breaches of the condition of a bond for the performance of an act cannot, in in the aggregate, exceed the penal sum, except where the condition is for the payment of money; in which case they cannot exceed the penal sum with interest thereupon from the time when the defendant made default in the performance of the condition. This provision of the Code seems to be a substitute for sections 5 and 6 of 2 Revised Statutes, 378, under which it was held in *Beers* v. *Shannon* (73 N. Y. 302) that, upon an assessment of damages, merely casting interest on the amount named in the penalty was improper in an action on a penal bond with a condition for the performance of an act. The limitation of the recovery to the penal sum, however, is expressly declared in the section of the Code cited, in connection with such a bond as that in this action.

The judgment, therefore, must be modified by deducting therefrom the sum of $573.79, which is the amount of interest included in the verdict of the jury, and also a reduction of so much of the extra allowance granted as amounts to five per cent on that interest, and as thus modified the judgment is affirmed, without costs to either party.

Van Brunt, P. J., Rumsey and O'Brien, JJ., concurred; Ingraham, J., dissented.

Ingraham, J. (dissenting):

For the reasons stated by me upon the former appeal, I am unable to concur in the opinion of Mr. Justice Patterson on this appeal.

Judgment modified as directed in opinion and, as modified, affirmed, without costs.