(72 App. Div. 60.)

### SACHS et al. v. AMERICAN SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. BOND—CONDITIONS—CONSTRUCTION.

Plaintiffs sold land for $190,000; the vendee assuming a mortgage for $120,000, and giving a mortgage for $70,000. It was agreed that the vendee should erect certain buildings, and the vendor agreed to advance $100,000 as a building loan. The vendee gave a bond for the faithful performance of the contract. Held, that the bond was not for the purchase price, nor for the loan, but for the erection of the building.

2. SAME—DAMAGES.

In a suit on the bond, it appearing that the premises were worth $160,-000, so that plaintiffs would have made a profit of $30,000, and that, on foreclosure of the purchase-money mortgage, there was a deficiency, but that, if the contract had been performed, the premises would have been worth $100,000 over all incumbrances, the loss of the profit was the measure of plaintiffs' damages.

3. SAME—EVIDENCE.

Evidence as to the value of the premises if the contract had been performed was competent.

4. SAME—APPEAL—OFFER TO PROVE.

Evidence to show the value of the premises if the contract had been performed having been erroneously excluded on defendant's objection on appeal, defendant cannot urge that there was no evidence of such value.

5. SAME—DEFENSES.

Where a purchaser of land gave an undertaking to the vendor to erect a building on the land, an assignment of the contract by the purchaser was no defense to the surety on the bond, where the defense was not pleaded.

6. SAME—RELEASE OF SURETY.

Where by a contract for the sale of land the vendee agreed to build on the premises, and gave a bond for the performance of the covenant, and the contract contemplated that it might be assigned, an assignment of the contract did not release the vendee and his surety on the bond.

7. SAME—DAMAGES—INTEREST.

Where a bond was conditioned for the erection of a building on land by the vendee thereof, on a judgment for the full amount of the penalty it was error to allow interest from the breach; the bond being governed

by Code Civ. Proc. § 1915, providing that no judgment on a bond shall exceed the penalty, save where the condition is for the payment of money, when interest may be allowed.

Action by Louis Sachs and another against the American Surety Company of New York. Motion for a new trial on exceptions to be heard at the appellate division in the first instance. Exceptions overruled.

Argued before O'BRIEN, INGRAHAM, HATCH, and Mc-LAUGHLIN, JJ.

George W. Wickersham, for plaintiffs.
Charles De Hart Brower, for defendant.

HATCH, J. This action was brought to recover the sum of $25,000 and interest, the amount of a bond duly executed by the defendant and one Lewis Hay, against whom the complaint was dismissed; it appearing that he had become a bankrupt since the commencement of this action. There are practically no disputed questions of fact, defendant calling no witnesses. The bond in suit arose out of a contract of sale entered into between the parties on July 1, 1897, by the terms of which plaintiffs agreed to sell, and Hay to buy, certain premises, situated on Broadway, in the city of New York. The purchase price was $190,000, to be paid by Hay assuming a first mortgage for $120,000, and giving a purchase-money mortgage for the $70,000 balance. It was further agreed by the terms of this contract that Hay should erect upon the premises a fireproof building, in accordance with certain plans and specifications to be made, and which should meet the approval of the plaintiffs, and be based upon certain sketches then in existence. The plaintiffs, upon their part, agreed to advance the sum of $100,000 to Hay, as a building loan, payable in installments as the work progressed. In the event of the contract being assigned, it was provided that in addition to having the bonds and mortgages of the owner of the said premises for $70,000 and $100,000, respectively, plaintiffs were to have the personal bonds and obligations of Hay for said sums. Hay further agreed, "at or before the delivery of the deed of said premises, to furnish at his own expense a bond of the American Surety Company, such company to be approved by the parties of the first part [the plaintiffs], guarantying to the parties of the first part the faithful performance by the party of the second part [Hay] of all the terms of this contract, and agreeing to hold the party of the first part harmless from any damages resulting to them from any breach thereof to the extent of $25,000." Title to the premises was to be closed on July 9, 1897, and upon that day the contract in question was assigned by Hay to one Jackson; and, as part of the same transaction, plaintiffs' deed to Jackson, Jackson's and Hay's bonds, and the purchase-money mortgage were delivered and executed. Before this transaction, however, the bond in suit was delivered. This bond was for the penal sum of $25,000, and was upon the condition that:

"If the said J. Lewis Hay shall, within the time in said agreement required, to wit, on or before February 1st, 1898, erect and complete such

building upon the premises in the manner and as required, * * * then this obligation shall be void; otherwise it shall be and remain in full force and effect."

This condition of the bond was wholly unfulfilled, no building being erected upon the premises. The interest on the $120,000 not being paid, a foreclosure action was commenced; and, to protect themselves, the plaintiffs paid the interest, procured a person who took an assignment thereof, and had the foreclosure suit discontinued. The interest on the $70,000 mortgage being due and unpaid, this mortgage was foreclosed, and a deficiency judgment recovered against Hay for the sum of $51,469.44, upon which execution was issued and returned wholly unsatisfied.

The point in controversy seems to be the construction of the contract of suretyship given by the defendant, and the measure of damages to be applied if it be found that there has been a breach of its conditions. A contract of suretyship is to be construed in accordance with the same rule that applies to the interpretation of any other written instrument. The limitation of liability is not upon the interpretation, but in application of the contract after interpretation, when the rule of strictissima juris applies. Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669. If there be ambiguity in the contract, it is construed in favor of the person who has accepted it, and expects to take benefit under it. Gamble v. Cuneo, 21 App. Div. 413, 47 N. Y. Supp. 548, affirmed in 162 N. Y. 634, 57 N. E. 1110. In arriving at the correct construction of such a contract, it is always permissible to take into consideration the circumstances and surroundings of the parties at the time when the contract was made, and such construction will be given to it as will carry out the evident intent of the parties to the instrument.

In the present case it seems clear that the parties to the contract of purchase and sale contemplated that the erection of a building of the character described in the contract, upon the lands so purchased and sold, would so far increase the value of the whole property that it would furnish an abundant security for the mortgages thereon, and also for the sum to be advanced in the erection of the building. It is also evident that, unless a building was constructed upon the premises, the land itself was an inadequate security for the payment of the mortgages; and, as it was vacant property, no revenue would be derived therefrom sufficient to meet the fixed charges resting upon it on the consummation of the sale. It seems fairly inferable, therefore, that what the plaintiffs desired was security for the faithful performance of the contract in the erection of the building, as by such course only could plaintiffs' purchase-money mortgage be adequately secured. This, therefore, it seems to us, was the main purpose in procuring the bond of the defendant.

We agree with the contention of the appellant that the bond was not given to secure the payment of the purchase price of the premises. There was no need of it for such purpose, as the purchase price was, by the terms of the contract of sale, paid by the assumption of the $120,000 mortgage then resting upon it, and the execution and delivery of the bond and mortgage of Hay for the remainder of the

purchase price, and such agreement was further carried out by the obligation assumed by Jackson, Hay's assignee, under the contract; so that, by the terms of the contract and the acts of the parties, there was nothing to secure in this respect, as the whole was completely performed, and ceased to be in any sense executory. Respecting that portion of the contract which provided for the erection of the building, and the advance of the $100,000 as a building loan, it was, in its entirety, solely executory. It is clear that the bond was not security for the advance of the building loan by the plaintiffs, of the $100,000. Neither Hay nor his assignee, Jackson, was bound to avail himself of the provisions of the contract in this regard. Either one or both could use their own money for that purpose, or procure a loan elsewhere, or adopt any other means to raise the money. The plaintiffs were only bound to furnish this money in the event that Hay or Jackson required it. Consequently the instrument cannot be construed as relating to such subject, or as requiring Hay to demand the money of the plaintiffs. It is evident, therefore, that the real subject-matter which the plaintiffs desired was security for the erection of the building. Such are the terms of the instrument sued upon, and such is the clear inference to be derived from the circumstances and surroundings, the terms of the contract, and the acts of the parties thereunder. The case presents, therefore, a concurrence of rules by which the contract is to be interpreted, and results in construing it as imposing upon Hay an obligation to erect the building in accordance with the terms of the contract. It is conceded that in this respect the contract was wholly unperformed, as no building was erected upon the premises. Therefore there was a breach of the conditions of the bond, and the only remaining question relates to the measure of damages to be applied.

The learned trial court took the view that the measure of damages became fixed upon the failure to construct the building; that the proximate result flowing therefrom was the impairment of the purchase-money mortgage taken by the plaintiffs, and, inasmuch as upon the foreclosure a deficiency judgment was rendered for $51,000, such sum furnished the measure of the plaintiffs' loss by reason of the breach. Whether, under the circumstances as developed upon the trial, the evidence, which was regarded by the court as sufficient to establish the damage, authorized this rule as a measure of damages, need not now be either asserted or denied, as other considerations show clearly that the plaintiffs are entitled to recover the whole amount of the penalty of the bond.

The purchase price of the property was $190,000. Its actual value seems to have been but $160,000, and the plaintiffs, by virtue of their contract, were entitled to receive a profit of $30,000. Assuming that the contract has been carried out with fidelity, it appears that the whole amount of incumbrances thereon would have been $290,000. This sum includes the mortgages, the purchase price, and the $100,000 building loans. It is quite possible that to this sum there might have been added architect's fees and other expenses, which would make a grand total approximating $300,000. The plaintiffs offered to prove upon the trial that, if the building had been erected upon the prem-

ises in accordance with the terms of the contract, the property would have been worth $400,000 at the time of completion, and at least that sum ever since. The defendant objected to this testimony, and, upon its objection, the court excluded it. Had it been received, it would have shown beyond peradventure that the plaintiffs would not only have secured their profit of $30,000, but would have suffered no additional loss upon their purchase-money mortgage. Thus they would have reaped the full benefit of the contract which they made, and to which they were entitled, but for the breach of the contract for performance of which this bond stood sponsor. Under such circumstances the loss occasioned would furnish the measure of damage, within the principle laid down in Kidd v. McCormick, 83 N. Y. 391. In making disposition of this case, we are authorized to assume that it would have been established, had this evidence been received, that the contract, if fulfilled, would have produced a property worth at least $400,000. This would furnish an equity, over and above all incumbrances and expenses, of $100,000, which would have belonged either to Hay or Jackson, or both. The defendant having, by objection, caused this evidence to be erroneously excluded, is justly chargeable with the consequences, and is precluded from insisting that the judgment be reversed because there is no evidence to support it. 2 Enc. Pl. & Prac. 523. The evidence was competent. Jermain v. Pattison, 46 Barb. 12.

The defendant insists that it only stood a surety for Hay's performance of the contract, and that by reason of his assignment to Jackson, and the consent thereto by the plaintiffs, the defendant became released. There are two answers to this contention: First, no such defense was pleaded; and, second, the obligation assumed by Hay was not personal, but could be performed by any one else for him. The contract contemplated that it might be assigned, and was so in fact, but by such assignment Hay was not released from performance. On the contrary, he was held to the terms of the contract which he assumed. There are, therefore, no facts upon which a release could be predicated.

The court awarded a recovery of interest upon the sums secured by the bond. In this we think it was in error. The condition of this bond was for the performance of an act, and not the payment of money. Under such circumstances a recovery is limited to the amount of the penalty, and interest only runs from the judgment. Printing Co. v. Hallenbeck, 46 App. Div. 563, 61 N. Y. Supp. 1056. Sloan v. Baird, 162 N. Y. 327, 56 N. E. 752, has no application. That was an executory contract for the sale of land. The bond in the present case is subject to the provisions of section 1915 of the Code of Civil Procedure, and furnishes the rule respecting the award of interest in contracts of this character.

It follows that the exceptions should be overruled, and judgment directed in favor of the plaintiffs for the amount of the penalty of the bond, without interest prior to the direction of the verdict. No costs in this court awarded to either party. All concur.