VINGUT et al. v. KETCHAM et al.

(Supreme Court, Appellate Division, Second Department. March 10, 1905.)

**1. MORTGAGES—FORECLOSURE—SALE—VACATION.**

Where a sale of real estate on mortgage foreclosure, in one parcel, was held at the Real Estate Exchange, and defendants were not misled with reference thereto, and the sale was not attended by any inequitable circumstances, defendants were not entitled to a resale as a matter of right; the fact that the property was sold in one parcel being, at most, an irregularity.

**2. SAME—TERMS.**

Where defendants were not entitled to the vacation of a sale of land on foreclosure as of right, the court was justified in imposing terms as a condition to granting such relief.

**3. SAME—JUDGMENT—MODIFICATION.**

Where a judgment foreclosing a mortgage determined the amount due, defendants, not having appealed therefrom, were not entitled to alter the decision on the merits on a motion to vacate the sale, etc.

Appeal from Special Term, Kings County.

Action by George Floyd Vingut and another, as trustees under the will of Elizabeth F. Floyd, deceased, against James W. Ketcham and others. From an order vacating a sale by a referee on condition, defendants James W. Ketcham and Henry B. Sire appeal. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

William L. Stone, Jr., for appellants.
Walter Alexander, for respondents.

JENKS, J. The defendants appeal from an order, made upon their motion, vacating and setting aside a sale by a referee under a foreclosure judgment, the order confirming the sale, the report of the referee and his deed, on condition that the defendants file a bond or undertaking in $1,000 for the payment of any deficiency, after application of the amount realized on the resale, of the expenses of such resale, of the interest for the time intervening the sale and resale, and of the costs of the action. The defendants also moved that the deficiency judgment be set aside because it was in excess of liability under the pleadings and the bond. The order amended the judgment by "limiting the liability" of the defendant Sire. The grounds of the motion, aside from the question of the deficiency provision, were that the sale was made in one parcel, contrary to the judgment, and that the price was inadequate. The sale was held in the Real Estate Exchange. The defendants do not show that they were misled or lulled to sleep as to the sale, or that it was attended by any inequitable circumstances. Notice thereof was received by the attorney, who frankly states that the day of the sale escaped his memory. The defendants were not entitled to the resale as a matter of right, for the sale in one parcel, at most, was but irregular and voidable. Cunningham v. Cassidy, 17 N. Y. 276; Thomas on Mortgages, § 976. The court was justified in imposing terms. Francis v. Church, Clark's Ch. 333; Thomas on Mortgages, § 986, and

authorities cited.   And those imposed were in the fair exercise of its discretion under the circumstances.

The order amended the judgment by limiting the liability of Sire to "any deficiency arising on the sale of the mortgaged premises to an amount not to exceed the sum of $3,500, with interest thereon from November 1, 1890."   It is insisted that the interest could only be allowed from the date of the entry of the judgment, on the ground that Sire's liability was upon his collateral bond of $3,500 for the due performance of a covenant in a lease by Ketcham, as lessee, to erect a building upon certain leased land within five years; and we are cited to section 1915 of the Code, and Sachs v. American Surety Co., 72 App. Div. 60, 76 N. Y. Supp. 335.   But aside from the merits, the defendants mistook their remedy.   The judgment determined that the amount due was $3,500, principal, and interest from November 1, 1890, until the day of the judgment.   The defendants cannot by this practice "alter the decision on the merits and change the substantial rights."   Heath v. N. Y. Building Loan Banking Co., 146 N. Y. 260, 40 N. E. 770. The remedy was by appeal.   Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084.   This distinction appears in C. E. Bank v. Blye, 119 N. Y. 414, 416, 23 N. E. 805, the authority relied upon by the appellants. The order of the court limiting the liability of Sire only differentiated between the defendants.   It did not seek to correct. but to clarify, the judgment.   The order should be affirmed.

Order affirmed, with $10 costs and disbursements.   All concur.