GEORGE FLOYD VINGUT and HENRY K. VINGUT, as Trustees under the Last Will and Testament of ELIZABETH F. FLOYD, Deceased, Respondents, *v.* JAMES W. KETCHAM and HENRY B. SIRE, Appellants, Impleaded with Others, Defendants.

*Sale in one parcel contrary to a judgment of mortgage foreclosure — it is an irregularity — the sale will not be set aside as a matter of right — terms imposed — remedy where a deficiency judgment is in excess of a defendant's liability.*

The fact that on a mortgage foreclosure sale the premises are sold in one parcel, in violation of the terms of the judgment of foreclosure and sale, constitutes a mere irregularity rendering the sale voidable.   It does not entitle the defendants to a resale as a matter of right.

If the court does grant a resale it is justified in imposing as a condition thereof a requirement that the defendants file a bond or undertaking in the amount of $1,000 for the payment of any deficiency, after application of the amount realized on the resale, of the expenses of resale, of the interest for the time intervening the sale and resale and of the costs of the action.

The remedy of parties claiming that a deficiency judgment, rendered in a mortgage foreclosure action, is in excess of the defendants' liability under the pleadings and the bond, is by appeal and not by a motion to vacate such judgment.

APPEAL by the defendants, James W. Ketcham and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 7th day of November, 1904.

*William L. Stone, Jr.* [*Albert I. Sire* with him on the brief], for the appellants.

*Walter Alexander,* for the respondents.

JENKS, J.:

The defendants appeal from an order made upon their motion vacating and setting aside a sale by a referee under a foreclosure judgment, the order confirming the sale, the report of the referee and his deed, on condition that the defendants file a bond or undertaking in $1,000 for the payment of any deficiency, after application of the amount realized on the resale, of the expenses of such resale,

of the interest for the time intervening the sale and resale, and of the costs of the action. The defendants also moved that the deficiency judgment be set aside because it was in excess of liability under the pleadings and the bond. The order amended the judgment by " limiting the liability " of the defendant Sire. The grounds of the motion, aside from the question of the deficiency provision, were that the sale was made in one parcel contrary to the judgment, and that the price was inadequate. The sale was held in the Real Estate Exchange. The defendants do not show that they were misled or lulled to sleep as to the sale, or that it was attended by any inequitable circumstances. Notice thereof was received by the defendants' attorney, who frankly states that the day of the sale escaped his memory. The defendants were not entitled to the resale as a matter of right for the sale in one parcel at most was but irregular and voidable. (*Cunningham* v. *Cassidy*, 17 N. Y. 276; Thomas Mort. [2d ed.] § 976.) The court was justified in imposing terms (*Francis* v. *Church*, Clarke Ch. 475; Thomas Mort. [2d ed.] § 986, and authorities cited), and those imposed were in the fair exercise of its discretion under the circumstances.

The order amended the judgment by limiting the liability of Sire to " any deficiency arising on the sale of the mortgaged premises to an amount not to exceed the sum of $3,500 with interest thereon from November 1, 1890." It is insisted that the interest could only be allowed from the date of the entry of the judgment, on the ground that Sire's liability was upon his collateral bond of $3,500 for the due performance of a covenant in a lease by Ketcham as lessee to erect a building upon certain leased land within five years, and we are cited to section 1915 of the Code of Civil Procedure and *Sachs* v. *American Surety Co.* (72 App. Div. 60). But aside from the merits, the defendants mistook their remedy. The judgment determined that the amount due was $3,500 principal and interest from November 1, 1890, until the day of the judgment. The defendants cannot by this practice alter the decision on the merits and change the substantial rights. (*Heath* v. *N. Y. Building Loan Banking Co.*, 146 N. Y. 260.) The remedy was by appeal. (*Stannard* v. *Hubbell*, 123 N. Y. 520.) This distinction appears in *Corn Exchange Bank* v. *Blye* (119 N. Y. 414, at p. 416), the authority relied upon by the appellants. The order of the court

limiting the liability of Sire only differentiated between the defendants. It did not seek to correct but to clarify the judgment.

The order should be affirmed.

BARTLETT, WOODWARD, RICH and MILLER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.