LINCOLN TRUST COMPANY, Respondent, *v.* FERDINAND J. FULLAYTAR and Others, Defendants, Impleaded with the NEUMONT REALTY CORPORATION, Appellant.

THE FORTY-FIFTH STREET REALTY COMPANY, Purchaser, Appellant; JAMES J. McCARREN, Purchaser, Respondent.

First Department, November 18, 1921.

Mortgages — foreclosure — property bid in by third person for benefit of owner — resale by referee after refusal to accept certified check for deposit or to give owner short time to secure cash — resale deprived owner of substantial equity — motion to set aside resale and reinstate bid — resale set aside and new sale ordered on giving bond to protect bid.

Where on the sale of premises on mortgage foreclosure it appeared that the property was struck down to the owner of the premises through a third person, who presented a certified check payable to mortgagee's order in part payment; that the check was refused on the ground that it was not made out to the referee, though prior to the sale the mortgagee's attorney had agreed to take the check; that subsequently a new check was refused because it was not that of the bidder, and that after refusing the owner a short time to procure the necessary cash, a resale was had at which a third person not interested in the property was the successful bidder, the resale will be set aside and a new sale ordered upon the giving of a bond to protect the bid, where the effect of the resale was to deprive the owner of a substantial equity in the property.

PAGE, J., dissents.

APPEAL by the defendant, Neumont Realty Corporation, and the purchaser, Forty-fifth Street Realty Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of September, 1921, denying a motion made by a bidder upon a mortgage foreclosure sale and also by the owner of the equity of redemption to set aside an alleged resale, to reinstate a bid, and to require the referee to accept a tender of a certified check as the payment on the bid, and also for such other relief to which the moving parties may be entitled.

*Eisman, Lee, Corn & Lewine* [*Edward E. McCall* of counsel; *Louis Franklin Lee* and *Joseph J. Corn* with him on the brief], for the defendant and Forty-fifth Street Realty Company, purchaser, appellants.

*Middlebrook & Borland* [*Middleton S. Borland* of counsel; *Percy F. Griffin* with him on the brief], for the plaintiff, respondent.

*Foley & Martin* [*Patrick J. Dobson* of counsel; *William J. Martin* with him on the brief], for the purchaser, respondent.

SMITH, J.:

The appellants are the bidder, The Forty-fifth Street Realty Company, and the Neumont Realty Corporation, the owner of the equity of redemption, one of the defendants, which will hereinafter be called, respectively, the bidder and the owner.

The premises which were being sold on the foreclosure sale herein are Nos. 51 and 53 West Forty-fifth street, New York city, and consist of a parcel thirty-seven feet front and rear. Immediately adjoining this parcel the owner also had title to No. 49, being eighteen feet, nine inches front and rear. Upon these two parcels the owner had obtained plans to erect a twelve-story building and these plans had been filed and approved by the building department before the commencement of this action.

After this action was commenced arrangements were made between the owner and the bidder by which if an adjournment of the sale could not be obtained, the bidder should bid in

the property for the owner and itself and should protect a second mortgage of $20,000 on the premises, and by such arrangement the bidder was given an interest in said premises. When negotiations for an adjournment of the sale failed the attorney for the owner and bidder procured a certified check for $9,000 payable to the order of the Lincoln Trust Company, the plaintiff, and after tendering it to the plaintiff, in again requesting an adjournment, asked if it would be accepted on a bid on the sale. The officer of the plaintiff of whom this question was asked referred the attorney to the plaintiff's attorneys. The attorney, Mr. Bulkley, then went to the salesroom and a few moments before the time for the sale showed the check to one of the plaintiff's attorneys and asked if it could be used on a bid and was told, " That's all right. We'll fix it up if you buy the property."

After several bids by the attorney for the plaintiff and Mr. Bulkley for the " bidder," the property was struck down to the " bidder " for $74,000, which was sufficient to pay the plaintiff in full and leave something to be applied on the second mortgage.

The check above referred to was then tendered to the referee and it was suggested that as the check was not made out to the referee but to the plaintiff, a new check to the order of the referee be obtained, which was done, the sale in the meantime being held. On the return of Mr. Bulkley with the new check a point was raised that the check was not the check of the bidder, but was the check of Brett & Goode Company and that it could not be taken unless the Brett & Goode Company should be substituted as bidder. This Mr. Brett, the president of the company, who was present, declined to do as he did not desire to have his company bound to complete the sale. Then Mr. Bulkley for the owner and bidder asked for a little time to procure the cash; and upon this request being refused, the premises were resold to a Mr. McCarren who had made no bid on the first sale.

The above statement of facts is a brief summary of the facts stated in the affidavits for the moving parties which in some particulars are denied by the opposing affidavits.

The result of the action of the plaintiff's attorneys, and of the order of the court at Special Term, is to deprive the

owner of a very substantial equity in these premises and to leave it with a small parcel of land of eighteen feet and nine inches frontage. It is a well-known fact that a plot of large frontage is of greater proportionate value than a small plot and on the proofs submitted it appears reasonable that the owner has been deprived of an equity of very substantial value.

The plaintiff's attorneys contend that at no *time did the attorney for the moving parties ask to be permitted to have a short delay to procure cash and that he apparently was unable to procure the cash after the sale had been held for some time to enable him to do so. This contention does not appear to be reasonable. The owner's attorney had a certified check which presumptively represented the cash; the president and the treasurer of the maker of the check were present and a new check for cash could have been drawn as easily as a new one to the order of the referee.

While the statements made by the moving parties and by the plaintiff of the occurrences at the time of the sale differ materially, those made by the moving parties appear to us the more convincing, and when it is considered that the bidder on the resale had no interest in the property and was not a bidder on the first sale, although present, and the serious consequences to the owner in case this motion is denied, the order should be reversed and the sale should be set aside and a resale ordered upon the giving of a bond to bid at least $75,000 upon such resale. If such bond be not given the order must stand affirmed.

So ordered, with ten dollars costs and disbursements to appellant.

CLARKE, P. J., DOWLING and GREENBAUM, JJ., concur; PAGE, J., dissents.

Order reversed and sale set aside and resale ordered upon the giving of a bond to bid at least $75,000 upon such resale; if such bond be not given, order affirmed; $10 costs and disbursements to appellants. Settle order on notice.