## (April 23, 1969)

■ TUPPER LAKE NATIONAL BANK, Respondent, v. CHIMNEY ROCK, INC., et al., Appellants, et al., Defendants.— GIBSON, P. J. Appeal by defendant Chimney Rock, Inc., the owner of the equity of redemption, in a mortgage foreclosure action, from an order of the Supreme Court, Hamilton County, which denied said defendant's motion for an order directing the Referee to complete the sale of the premises in accordance with the high bid therefor submitted by it, the Referee having rejected that bid and struck down the property to the next highest bidder upon the failure of said defendant to pay 10% of the amount of its bid in cash or certified check, as required by the Referee. When the property was exposed for sale, on a Saturday afternoon in a rural hamlet, appellant's president, Louis A. Roth, made the high bid of $90,000, topping a bid of $81,000 by the intervenor-respondent Katz. Despite some inconsistencies in the papers, it is clear from the moving affidavit and from appellant's brief, first, that it is this bid, and not Roth's bid of $86,000 on the resale, that appellant seeks to have effectuated, and, second, that the bid is that of appellant and not that of Roth, individually, who is appellant's officer and its attorney of record herein. The Referee requested payment of 10% or $9,000, in cash or certified check, as required by the terms of sale, and accepted from Roth (as the equivalent of certified checks) two checks issued by a bank in the aggregate amount of $5,000, and later a like check for $2,500, but when tendered a check in the amount of $5,000 issued by a bank to one Sacks and purportedly indorsed by Sacks to the order of Roth, declined to accept it although a person present at the sale said that he was the Sacks named as payee and would furnish identification and guarantee the indorsement. The Referee then reopened the bidding; Katz bid $85,000 and Roth made the high bid of $86,000. To meet the down payment, this time of $8,600, Roth tendered the checks previously found acceptable, aggregating $7,500, and cash of $500, requested time to travel to a nearby community to obtain the additional $600, and offered, also, to deposit the $5,000 Sacks' check as security. The Referee, however, required the additional $600 to be paid within five minutes and at the end of that time struck down the premises to the intervenor-respondent. The Referee's actions cannot be fairly appraised as other than arbitrary and unreasonable and as constituting an improvident exercise of discretion. Had Roth been able to obtain the additional $600 after a brief journey, the terms would have been met. Had he failed, and had the bank check issued to Sacks been dishonored, the $8,000 that the

Referee had in hand would seem sufficiently substantial security, considering that a sum but $600 greater was considered ample. Under all the circumstances, including the fact that it was the owner of the fee and the equity of redemption who was thus deprived of a reasonable opportunity to complete the purchase, appellant's bid must be effectuated and the property conveyed to appellant upon prompt payment of its bid. (*King* v. *Platt*, 37 N. Y. 155, 160; *Lincoln Trust Co.* v. *Fullaytar*, 198 App. Div. 530, app. dsmd. 232 N. Y. 600; *Goldberg* v. *Feltman's of Coney Is.*, 205 Misc. 858.) The relief granted will be on strict conditions, the imposition of terms by the court being " in the fair exercise of its discretion". (*Vingut* v. *Ketcham*, 102 App. Div. 403, 404.) Respondents offer little argument in support of the Referee's insistence upon the payment within five minutes of the lacking $600 but urge strongly their contention that appellant and Roth were alike financially irresponsible and could not have completed the purchase in any event. This, however, was not the ground upon which the discretion of the Referee was exercised. That issue, raised after the sale, can be determined immediately and finally by the condition hereinafter imposed. Order entered October 17, 1968, modified, on the law and the facts and in the exercise of discretion, so as to provide that the motion be denied unless appellant Chimney Rock, Inc., shall, at or before 1:00 P.M. on the 15th day of May, 1969, deposit with the Referee, at the office of the First Trust Company of Albany, Indian Lake Branch, Route 28, Indian Lake, New York, the sum of $90,000 in cash or by certified check made payable to the order of the Referee, in which event the motion to vacate and set aside the sale to the intervenor-respondent and to direct the Referee to complete the sale to appellant Chimney Rock, Inc., is granted, without costs. Matter remitted to the Special Term for such additional proceedings, if any, as shall be necessary to effectuate this decision and the order to be entered hereon and shall not be inconsistent therewith. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.