## MACGREGOR *a.* BUELL.

*Supreme Court, Third District; General Term, March,* 1862.

APPEAL.—POWER OF COURT BELOW ON REMITTITUR.—COSTS.

Upon a remittitur from the Court of Appeals being filed in the court below, the latter court has no power to render any other judgment than one simply adopting that of the Court of Appeals as its own.

Where, on an appeal from the decision of a surrogate, the decision is affirmed by the Supreme Court, and on appeal to the Court of Appeals both decisions are reversed "without costs," the appellant is not entitled to costs in either court.

Motion for judgment upon the remittitur of the Court of Appeals.

At a Surrogate's Court, held in and for the county of Saratoga on the 31st day of December, 1855, it was decreed by the surrogate that certain instruments offered for probate as the last will and testament of James Macgregor, deceased, be admitted to probate, and certain other instruments offered by James Buell be rejected. The decree also made other provisions, and ordered:

1st. That letters testamentary issue to James Macgregor.

2d. That there be allowed and paid to Duncan Macgregor, from the estate of the deceased, his costs for witness-fees to be taxed.

3d. That there be allowed and paid to Duncan Macgregor and James Buell, from the estate of said deceased, the amount of money they have respectively paid and become liable to pay to the surrogate for his fees, in the matter of the proceeding to prove said will.

Duncan Macgregor appealed from the latter portion of said decree to the general term of the Supreme Court. The notice of appeal asks that these provisions be reversed and stricken out, and that in lieu thereof, an order be made that James Buell pay to Duncan Macgregor his taxable costs for attorney and counsel, witnesses and surrogate's fees, and disbursements in said proceeding.

At a general term of the Supreme Court, held at Ballston Spa, on the second Tuesday of July, 1857, an order was made affirming the decree of the surrogate with costs of the appeal, without prejudice to the right of Duncan Macgregor to apply for letters testamentary upon said last will, and to answer the objections filed against him before the surrogate.

The appellant appealed from this order to the Court of Appeals, and on the tenth day of October, 1861, the Court of Appeals made an order, by which they did "order and adjudge that the judgment of the Supreme Court appealed from in this action be reversed, annulled, and altogether held for nothing.

Macgregor *a.* Buell.

And it was further ordered and adjudged, that said reversal be, and the same hereby is, without costs and without prejudice to any future application for letters testamentary."

The appellant now moves upon the remittitur of the Court of Appeals for judgment in pursuance of the decision of that court, and asks for such judgment as the general term ought to have given in case that court had reversed the decision of the surrogate, including costs of the appeal to the Supreme Court.

*J. Ellsworth*, for appellant.

*W. A. Beach*, for respondents.

MILLER, J.—The Code (§ 12) provides that "the Court of Appeals may reverse, affirm, or modify the judgment, or order appealed from, in whole or in part, and as to any or all the parties, and its judgment shall be remitted to the court below to be enforced according to law." It is claimed by the counsel for the appellant that the reversal of the judgment of affirmance as to the issuing of letters testamentary to James Macgregor, in which James Buell had no interest, and of the judgment of affirmance as to costs, of necessity operates as a reversal of the surrogate's decree, and sustains the appeal as to James Macgregor and James Buell; hence, that the appellant is entitled to costs on both of these appeals. It is also claimed that in reference to the costs incurred upon Buell's citation, issued for the purpose of proving a will which was finally rejected by the surrogate, the reversal of that part of the surrogate's decree disposing of the costs, leaves to this court the duty of disposing of that question, and that the Court of Appeals has no power to regulate the discretion of the surrogate. The Revised Statutes, in reference to the hearing of appeals from the surrogate's decision to the Supreme Court (2 *Rev. Stat.*, 608, § 95), provides that " at the time and place appointed, and at such other times as the matter shall be adjourned to, the Supreme Court shall proceed to hear the allegations of the parties, upon the proofs submitted by them to the surrogate, and shall affirm or reverse the decision of the surrogate, as shall be just." Section 96, "If the decision be affirmed, the Supreme Court shall award costs, to be paid by the party appealing, either personally or out of the estate of the deceased, as he shall direct. If the decision

be reversed upon a question of law, costs shall in like manner be awarded against the party maintaining the decision of the surrogate, either personally or out of the estate of the deceased." Section 97, "Such affirmance or reversal upon a question of law shall be certified to the surrogate whose decision was appealed from by the Supreme Court, with the award of costs made by him, and the copies of papers sent to such judge shall be by [it] returned to the surrogate," &c.

The general term affirmed the decision of the surrogate, with costs of the appeal.

Upon appeal, the Court of Appeals reversed the decision of the general term. This reversal is without costs, and the question arises within them—is any power in the general term, upon this application, to make any other order than a formal one to carry into and enforce the decision of the Court of Appeals?

1. It seems to me that the provisions of the statute above cited, have reference only to the hearing before the general term upon the appeal from the surrogate's decision. Section 95 provides especially for such a hearing, and sections 96 and 97 for a disposition of the matter upon the decision being made. There is nothing in either of these sections which authorizes any action of the court after an appeal to the Court of Appeals. There are no allegations of the parties to be heard, or upon which the general term is authorized to take any action. Nor is there any power to render any judgment, except to enforce according to law, under the provision of the Code above cited, what the Court of Appeals has done.

2. The Court of Appeals disposed of the whole matter before them. They decided to reverse the decision of the Supreme Court, and that the reversal should be without costs. They had full power and authority to make provision for the costs upon the appeal—at least to the general term, if not for those before the surrogate. As all the questions involved in the appeal were before them for adjudication, it is to be presumed that they purposely made their decision in the form that it now is, so that neither party recover costs as against the other.

3. Upon the application for judgment upon a remittitur, after an appeal has been decided by the Court of Appeals, the party in whose favor the judgment is given applies to the court from which the appeal was taken for an order that the decision

or judgment of the court above shall be and become the decision and judgment of the court below; and the only power vested in the inferior tribunal, is to adjudge that the judgment of the Court of Appeals be enforced as provided by the Code. Beyond this there is no jurisdiction to act.

I am of the opinion, therefore, that the proper disposition of this motion is to grant an order to enforce the judgment of the Court of Appeals, and to make said judgment the judgment of this court, and that the residue of the motion in this cause be denied, without costs and without prejudice to such further proceedings (except a renewal of this motion) as the moving party may be advised to take in this court, or in the surrogate's court, to enforce the judgment of the Court of Appeals, or to obtain the benefit thereof.