(163 App. Div. 162)

## O'BRIEN v. SEYBOLT.

(Supreme Court, Appellate Division, Third Department.   July 1, 1914.)

1. APPEAL AND ERROR (§ 1203*)—MANDATE AND PROCEEDINGS BELOW—POWER OF LOWER COURT—STATUTES.

Under Code Civ. Proc. § 194, providing that the judgment or order of the Court of Appeals must be remitted to the court below to be enforced according to law, and section 1320 allowing the appellate court, on affirming or modifying a final order, to remit the proceeding for enforcement in the lower court, the sole duty of the Special Term, on motion to have the judgment of the Court of Appeals made the judgment of that court, is to order it made the judgment of that court, and it may not stay execution of such judgment until the determination of a pending action between the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4666, 4684–4691, 4693;  Dec. Dig. § 1203.*]

2. JUDGMENT (§ 585*)—CONCLUSIVENESS—LACHES.

The purchaser of land, who sued to rescind, and who was sued on the contract, and who made a settlement whereby he was to pay a certain amount to the vendor, and who, in the trial of such actions, terminating in favor of the vendor, did not plead or attempt to set up the settlement, was guilty of such laches that he could not thereafter maintain an action to enforce the terms of the contract to settle.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 2428;  Dec. Dig. § 585.*]

Appeal from Special Term, Otsego County.

Action by Thomas J. O'Brien against Alva Seybolt.   From two orders upon motions based on remittiturs from the Court of Appeals affirming the judgments of the Appellate Division unanimously affirming the judgments of the Special Term, and from an order staying defendant from enforcing such judgment of the Court of Appeals, he appeals.   Orders reversed.

See, also, 210 N. Y. 635, 105 N. E. 1091;  210 N. E. 635, 105 N. E. 1099;  151 App. Div. 947, 136 N. Y. Supp. 1142; 151 App. Div. 948, 136 N. Y. Supp. 1147.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Seybolt & Seybolt, of Oneonta (Alva Seybolt, of Oneonta, of counsel), for appellant.

John G. Johnson, of Oneonta, for respondent.

HOWARD, J.   Thomas J. O'Brien and Alva Seybolt, the litigants herein, at one time entered into a contract with each other whereby Seybolt agreed to sell, and O'Brien agreed to purchase, certain parcels of land in Oneonta, N. Y.   Subsequently O'Brien brought an action against Seybolt to rescind the contract, and then afterwards Seybolt brought an action against O'Brien to foreclose the contract.   Finally both of these actions came on for trial, and, through the instrumentality of the trial justice, certain negotiations for settlement were had, and it was finally agreed, so O'Brien maintains, that he (O'Brien) was to pay Seybolt $75, and that both actions were to be discontinued, without costs to either party against the other.   But Seybolt subsequently changed his mind and refused to settle the actions on the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conditions agreed upon. The cases were thereupon put over the term but were both subsequently tried at another term of the Supreme Court, and both actions terminated in favor of Seybolt. At the trial of the actions O'Brien did not plead, nor attempt to plead, by supplemental answer that the actions had been settled. He did not introduce, nor attempt to introduce, evidence to that effect. In fact, he made no effort whatever to avail himself of the alleged settlement of the actions, but proceeded to trial upon the issues as they were originally framed. Upon the alleged settlement and its effect upon these actions, O'Brien stood silent. After he was beaten in the trial court, he appealed both actions to the Appellate Division; there he was beaten again. From the judgment of the Appellate Division he appealed to the Court of Appeals; there he was again defeated.

After the remittitur of the Court of Appeals was filed in the county clerk's office of Otsego county, and after Seybolt had made a motion to have the judgment of the Court of Appeals made the judgment of the Supreme Court, O'Brien began a new action for a specific performance of the terms of the alleged original agreement to settle the actions. In his demand for relief, O'Brien also asks that Seybolt be enjoined and restrained from collecting, or attempting to collect, or from enforcing the two judgments of the Court of Appeals. At the time of the return of the motion to have the judgments of the Court of Appeals made the judgments of the Supreme Court, O'Brien had not yet begun his action for specific performance. He obtained an adjournment of the motion and in the meantime began the action. O'Brien induced the Special Term to insert, in the order making the Court of Appeals judgment the judgment of the Supreme Court, a provision that Seybolt be stayed from enforcing the judgments until the trial and determination of the new action begun by O'Brien. He also obtained from the court a separate order on separate motion papers of his own to the same effect; that is, staying Seybolt from enforcing the two judgments of the Court of Appeals.

[1] In the order making the judgment of the Court of Appeals the judgment of the Supreme Court, the Special Term has done something more than to grant the motion; it has stayed the execution of the judgment until after the trial and determination of the action brought by O'Brien against Seybolt. When a judgment of the Court of Appeals comes before the Supreme Court on a motion to have it become the judgment of the latter court, the sole and only duty of the Special Term is to issue an order making the judgment of the Court of Appeals the judgment of the Supreme Court. Code, §§ 194, 1320; MacGregor v. Buell, 17 Abb. Prac. 31; Id., 33 How. Prac. 450. Whatever the Court of Appeals has ordered must be done. In this case the remittitur orders that the judgment of the Court of Appeals be sent to the Supreme Court "to be enforced according to law," not to be held up, stayed, or delayed.

These cases went through all the courts; that is, from the trial court to the Court of Appeals. O'Brien was beaten at every step. The Court of Appeals, the tribunal of last resort, has reviewed his cases and decided against him. The mandate of that court is final, conclusive, and absolute. In the absence of fraud (and there is no fraud

charged here), the judgment of the Court of Appeals can never be modified or interfered with, stayed, or obstructed. It is the last word in the law. It cannot be questioned; it must be obeyed.

[2] At the time O'Brien went to trial in the two cases, he had full knowledge of the settlement, if there was any settlement, of both causes of action. Had he attempted to interpose the defense of settlement, there is no doubt that he would have been permitted to do so. He went through all the various stages of the litigation without opening his mouth on the subject. Even if the alleged settlement was ever valid and could ever have been enforced, O'Brien's laches in asserting his rights is wholly intolerable. To indulge such tactics as he has employed is to trifle with the courts and with the administration of justice.

All three of the orders granting a stay of the execution of the judgments of the Court of Appeals should be reversed, with $10 costs in one case. All concur.

---

(85 Misc. Rep. 341)

### FIRST NAT. BANK OF CITY OF BROOKLYN v. LA FAYETTE TRUST CO. et al.

(Supreme Court, Special Term, Kings County. April, 1914.)

1. FRAUDS, STATUTE OF (§ 144*)—FRAUD—ESTOPPEL.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 351; Dec. Dig. § 144.*]

2. FRAUDS, STATUTE OF (§ 144*)—FRAUD—ESTOPPEL.

The doctrine of estoppel will apply to prevent the statute of frauds from being used to work a fraud.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 351; Dec. Dig. § 144.*]