OCEANIC INVESTING CO. v. TWENTY-EIGHTH ST. & SEVENTH AVE.
REALTY CO. et al.   (No. 6034.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

1. MORTGAGES (§ 454*)—FORECLOSURE—PLEADINGS—JUDGMENT.

An answer by a junior mortgagee, in a suit to foreclose the senior mortgage, which does not deny the senior mortgage nor the fact of default in the payment of the principal, and denies, for lack of knowledge sufficient to form a belief, allegations which, as to the junior mortgagee, are immaterial, is insufficient, and judgment on the pleadings for plaintiff must be granted; it being immaterial whether there has been a default in the payment of interest.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1319–1328; Dec. Dig. § 454.*]

2. MORTGAGES (§ 454*)—FORECLOSURE—PLEADINGS—JUDGMENT.

A separate defense by a junior mortgagee in a suit to foreclose the senior mortgage, which sets up on information and belief an agreement by a plaintiff or its assignees to extend the time of the payment of the mortgage, but which does not allege with whom the agreement was made or show that if the agreement was made the junior mortgagee may avail himself of it, is insufficient, and judgment on the pleadings must be rendered for plaintiff.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1319–1328; Dec. Dig. § 454.*]

Appeal from Special Term, New York County. ·

Action by the Oceanic Investing Company against the Twenty-Eighth Street & Seventh Avenue Realty Company and others.   From an order denying motion for judgment on the pleadings, plaintiff appeals.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry M. Bellinger, Jr., of New York City, for appellant.
Franklin Bien, of New York City, for respondents.

SCOTT, J.   [1] The action is the usual one for the foreclosure of a mortgage.   A large number of defendants are named, most of them presumably tenants of the property; but the present motion is directed only against the defendant Rodel, said to be a junior mortgagee, who has interposed · an answer, although no personal judgment is asked against him.   He does not deny the mortgage, nor the fact that default has been made in the payment of the principal according to the terms of the mortgage.   He denies, for lack of knowledge or information sufficient to form a belief, certain allegations which, as to him at least, are immaterial, and undertakes to deny, although rather awkwardly, the allegation as to the nonpayment of interest.   This, however, is not material, because the nonpayment of the principal is sufficient to warrant a judgment.

[2] By a separate defense defendant attempts to set up, also on information and belief, an agreement by the plaintiff or its assignors to extend the time of payment of the mortgage.   This allegation, however, is defective and ineffectual because it does not say with whom

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the agreement was made, or show that, if such an agreement was made, respondent is entitled to avail himself of it.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to respondent to amend his answer within 20 days upon payment of all costs of the action. All concur.