tion of the Bar of the City of New York, to which the respondent filed an answer. The charges were referred to the official referee, and he, after his investigation, has filed a careful report, in which he finds the respondent guilty of the charges, and he also finds that the respondent deliberately testified falsely before him that he sent to his client a letter, a copy of which he produced, with a check for the amount due to her, but which letter or check was in fact never written or sent. As to the first charge the referee says: "Upon all that appears before me, inclusive of my observations of the manner in which the witnesses gave their testimony, I am of the opinion that the letter of September 16, 1912, and the check inclosed therein, were never written or mailed as claimed, and that petitioner's proof sufficiently establishes the first charge." As to the second charge, the referee also, after an exhaustive examination of the testimony, concluded that the respondent's testimony was false, and concludes: "Upon the whole case, inclusive of probabilities and my observations of the manner in which the witnesses gave their testimony, I am of the opinion that Brownstein's testimony is true, and that it sufficiently sustains the second charge of the petition." If the referee's report is sustained by the evidence, it conclusively establishes that this respondent is totally unfit to remain a member of the profession. We have examined the testimony, and we are entirely satisfied with the report of the referee. In fact, on this testimony as it stands, we could have come to no other conclusion. This is not a case in which it would be useful to critically examine the charges themselves, or the testimony before the referee. It is sufficient to say that both the conduct of the defendant in relation to his client and his testimony and conduct before the referee is such that but one conclusion can be drawn from it, that he has been guilty of such professional misconduct that he should no longer remain a member of the profession, and he is therefore disbarred. All concur.

---

NICHOLSON, Respondent, v. KINGSBURY, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 23, 1914.) Action by James W. Nicholson against Maude C. Kingsbury. No opinion. Motion granted, and appeal dismissed, with costs.

---

NIEDERLITZ v. METROPOLITAN CASUALTY INS. CO. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by Joseph D. Niederlitz against the Metropolitan Casualty Insurance Company No opinion. Motion granted, with $10 costs. Order filed.

---

NORTON, Appellant, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. September 23, 1914.) Action by Gertrude I. Norton, as administratrix, etc., against the Erie Railroad Company No opinion. Motion for leave to appeal to Court of

Appeals granted. See, also, 163 App. Div. 466, 148 N. Y. Supp. 769; 163 App. Div. 468, 148 N. Y. Supp. 771.

---

In re O'BRIEN. (Supreme Court, Appellate Division, First Department. November 13, 1914). In the matter of John P. O'Brien. No opinion. Referred to official referee. Settle order on notice.

---

O'BRIEN v. SEYBOLT (two cases). SEYBOLT v. O'BRIEN. (Supreme Court, Appellate Division, Third Department. September 15, 1914.) Two actions by Thomas J. O'Brien against Alva Seybolt, and action by Alva Seybolt against Thomas J. O'Brien. No opinions. Motions denied. See, also, 163 App. Div. 162, 148 N. Y. Supp. 489.

---

OCEANIC INVESTING CO. v. TWENTY-EIGHTH ST. & SEVENTH AVE. REALTY CO. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by the Oceanic Investing Company against the Twenty-Eighth Street & Seventh Avenue Realty Company. No opinion. Motion granted, on condition that appellant serve the printed papers and put the case on the calendar for November 6th. Settle order on notice. See, also, 149 N. Y. Supp. 1100.

---

OCEANIC INVESTING CO., Respondent, v. TWENTY-EIGHTH ST. & SEVENTH AVE. REALTY CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by the Oceanic Investing Company against the Twenty-Eighth Street & Seventh Avenue Realty Company and others. F. Bien, of New York City, for appellants. H. M. Bellinger, Jr., of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 148 N. Y. Supp. 560; 149 N. Y. Supp. 1100.

---

O'CONNOR, Respondent, v. JAMES STEWART & CO., Inc., Appellant. (Supreme Court, Appellate Division, Third Department. September 23, 1914.) Action by Robert J. O'Connor against James Stewart & Co., Incorporated. No opinion. Order reversed, with $10 costs and disbursements, and plaintiff is precluded from making proof as to the matters required in the order for bill of particulars, except as specified in the bill of particulars furnished.

---

O'DONNELL, Respondent, v. CAULDWELL WINGATE CO., Appellant. (Supreme Court, Appellate Division, First Department. October 30, 1914. Action by Annie O'Donnell, as administratrix, against the Cauldwell Wingate Company. C. J. Heermance, of New

York City, for appellant. C. J. Earley, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

INGRAHAM, P. J., dissents.

O'LEARY, Respondent, v. HAY FOUNDRY & IRON CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 6, 1914.) Action by John O'Leary against the Hay Foundry & Iron Company. No opinion. Judgment and order unanimously affirmed, with costs.

O'NEILL, Respondent, v. DICKS, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1914.) Action by Kate M. O'Neill against John A. Dicks. No opinion. Judgment affirmed, with costs.

OPPENHEIMER, Respondent, v. FREEMAN, Appellant. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by Julius Oppenheimer against Henry C. Freeman. B. L. Pettigrew, of New York City, for appellant. F. Herwig, of New York City, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

PALMATEER, Respondent, v. RED HOOK LIGHT & POWER CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. September 23, 1914.) Action by Lena Palmateer, as administratrix of Delro Palmateer, deceased, against the Red Hook Light & Power Company and another. No opinion. Order affirmed, with $10 costs and disbursements.

PANGBURN, Respondent, v. BUICK MOTOR CO., Appellant, et al. (Supreme Court, Appellate Division, Third Department. September 23, 1914.) Action by Alfred Pangburn against the Buick Motor Company, impleaded with another. No opinion. Order affirmed, with $10 costs and disbursements. See, also, 153 App. Div. 934, 138 N. Y. Supp. 1132.

PANTE v. CHRISTIAN JACOBS FIREPROOFING & CONCRETE CO., Inc. (Supreme Court, Appellate Division, First Department. October 16, 1914.) Action by Vito Pante against the Christian Jacobs Fireproofing & Concrete Company, Incorporated. No opinion. Motion granted, unless appellant complies with terms stated in order. Order filed. See, also, 149 N. Y. Supp. 1101.

PANTE et al., Appellants, v. CHRISTIAN JACOBS FIREPROOFING & CONCRETE CO., Inc., Respondent. (Supreme Court, Appellate Division, First Department. October 30, 1914.) Action by Vito Pante and another against the Christian Jacobs Fireproofing & Concrete Company, Incorporated. V. H. Smith, of New York City, for appellants. J. W. Bryant, of New York City, for respondent. No opinion. Order modified, by granting motion on payment of $10 costs, and by striking out of the order the words "by plaintiffs personally." As so modified, order affirmed, without costs. Settle order on notice. See, also, 149 N. Y. Supp. 1101.

PEARL, Appellant, v. LEHIGH VALLEY R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. September 30, 1914.) Action by Harriet Pearl against the Lehigh Valley Railroad Company. No opinion. Order affirmed, with $10 costs and disbursements. Held that, in view of the form of the order appealed from and the facts disclosed by the papers on appeal, the Special Term was justified in making the order.

PEERLESS PATTERN CO., Respondent, v. McCLURE PUBLICATIONS, Inc., Appellant. (Supreme Court, Appellate Division, First Department. November 13, 1914.) Action by the Peerless Pattern Company against the McClure Publications, Incorporated. H. S. Duell, of New York City, for appellant. N. A. Stancliffe, of New York City, for respondent. No opinion. Order modified, by striking out so much thereof as allows the examination of the defendant's officers as to the eighth and sixteenth paragraphs of the complaint, and, as so modified, affirmed, without costs. Settle order on notice.

PECK BROS. & WINCH, Respondents, v. DAVIDSON, Appellant. (Supreme Court, Appellate Division, First Department. November 6, 1914.) Action by Peck Bros. & Winch against Archibald Davidson. J. Willett, for appellant. C. De W. Rogers, of New York City, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

PENDLETON, Respondent, v. BENNETT, Appellant. (Supreme Court, Appellate Division, Second Department. October 2, 1914.) Action by William S. Pendleton against William F. Bennett. No opinion. Motion granted, without costs, and appellant's time to print and file papers extended to October 10, 1914.

PEOPLE, Respondent, v. ALDERWICK, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 22, 1914.) Proceeding by the People of the State of New York against Charles Alderwick. No opinion. Judgment of conviction and order affirmed.