### GILMORE v. HIRSCHMAN et al.

(Supreme Court, Appellate Division, Second Department. March 10, 1916.)

1. MORTGAGES ⬢⟲559 (7)—RIGHTS OF MORTGAGEES—DEFICIENCY JUDGMENT.

   Defendant H., the owner of the equity of redemption of land which was subject to several mortgages, one of them prior to those of plaintiff and defendant I., respondents herein, by fraudulent representations to respondents, obtained a release of an award against the city of New York for land covered by the mortgages. Respondents at that time extended their mortgages, and defendant H. made part payment. *Held* that, in determining the amount of the deficiency judgment which should be rendered against defendant, the amount of the mortgage having priority to those of respondents should be deducted from the amount which defendant received from the city, as should the amount which defendant paid respondents.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–1603, 1605–1608; Dec. Dig. ⬢⟲559 (7).]

2. MORTGAGES ⬢⟲559 (7)—RIGHTS OF MORTGAGEE—DEFICIENCY JUDGMENT.

   In such case sums expended by defendant for a foreclosure proceeding pursuant to the agreement made upon his misrepresentations cannot be deducted.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1592, 1600–1603, 1605–1608; Dec. Dig. ⬢⟲559 (7).]

Appeal from Special Term, Queens County.

Action by Lydia E. Gilmore against Stuard Hirschman and others. From a judgment for plaintiff and defendant Phœbe A. Ijams, defendant Hirschman appeals. Judgment modified.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

A. S. Gilbert, of New York City, for appellant.
John Brooks Leavitt, of New York City, for respondent Gilmore.
John H. Henshaw, of New York City, for respondent Ijams.

THOMAS, J. The action involves the foreclosure of two mortgages. The judgment runs against Hirschman, appellant, for any de-

ficiency not exceeding $16,210.04, although contractually he is not liable therefor, albeit he purchased the equity of redemption.

[1] Such result is based upon a finding that Hirschman by fraudulent representations obtained a release of an award against the city of New York for land covered by the mortgages. It was decided that as between Hirschman and the plaintiff and Ijams, mortgagees, the release is void, and that the mortgages are liens on the net amount ($16,210.04) which Hirschman received from the award, and the judgment makes him a debtor therefor, so far as necessary to pay any deficiency. The facts are that the award was $32,000 and the first assessment $16,672. The court affirmed the award, but not the assessment. In that way, in May, 1911, the matter stood, except that the award, with interest, had become something over $40,000. The new assessment of $30,899.70 was finally reported on November 26, 1913, and confirmed March 4, 1914. So at the time in question, May to August 3, 1911, the award stood and the assessment was still sub judice. The finding is that in 1911 Hirschman represented fraudulently that there had been made an award of $30,000 and an assessment of $20,000; that he had arranged with the city to pay the assessment out of the award, and would pay the remaining $10,000 to plaintiff and Ijams—$5,000 on account of plaintiff's mortgage for $16,000, and $5,000 to discharge Ijams' $5,000 mortgage. On August 3, 1911, Hirschman did make such payments, and receive the release from plaintiff and Ijams and an extension of plaintiff's mortgage and another mortgage held by Ijams, whereupon he drew the award subject to other assessments of $10,136.58 and to an attorney's lien for $4,038.57, which he paid, leaving him $16,210.04, the sum which, as decided, limits his personal liability for deficiency. The situation of affairs before the release on August 3, 1911, was as follows, disregarding accrued interest on mortgages and taxes on the premises:

First mortgage held by Williamsburgh Bank.....................$10,000 00
Plaintiff's mortgage............................................. 16,000 00
Ijams' mortgage under foreclosure............................... 5,000 00
Ijams' mortgage................................................. 4,000 00

    Total mortgage liens.....................................$35,000 00
Award and interest................................$40,385 13
Attorney's lien..........................$ 4,038 51
Other assessments....................... 10,136 58    14,175 09

    Balance of award over assessments....................... 26,210 04

    Excess of mortgage liens over award...................... 8,789 96
    Present assessment not then made......................... 30,899 70

    Total liens on land.....................................$39,689 66

In other words, if the owners of the four mortgages, including the bank, could have settled with the city as Hirschman did, there would remain $8,789.96 due on all four mortgages, which would be subject to the assessment of $30,899.70. So, by applying on August 3, 1911, the net awards, the bank's mortgage would have been paid, and of the three inferior mortgages, aggregating $25,000, but $8,789.96 would

have remained. By reason of the agreement made by Hirschman as above found, as well as through the release procured from the bank, the following resulted:

The bank's mortgage remained......................................$10,000 00
Plaintiff's mortgages of $16,000, by reason of $5,000 paid by appel-
lant, were reduced to........................................... 11,000 00
Ijams' $5,000 was paid and her other mortgage remained at....... 4,000 00
                                                                ——————————
    Total mortgages...........................................$25,000 00
    Assessments ............................................. 30,899 70
                                                                ——————————
    Total liens...............................................$55,899 70

In other words, the mortgages are now $25,000, instead of $8,789.96, and the underlying assessment is the same, and all the mortgagees are the worse for the releases by the difference between such sums, or $16,210.04; but that difference relates to all mortgage liens, including that of the bank. But $10,000 of that sum would accrue to the bank $10,000 mortgage, which deducted leaves $6,210.04, and if Hirschman is liable for any deficiency that sum is the limit of it, rather than the sum of $16,210.84, as found by the court. The error in the finding is that it gives plaintiff and Ijams the benefit of the whole net balance received by Hirschman—that is $16,210.04—whereas the amount of the bank mortgage should be deducted, whereupon there would remain $6,210.04, which is the sum I have found by a different method. Of course, the plaintiff could not reach a conclusion even as favorable as that, unless it can be inferred that all the mortgagees, having established their liens on the award, could have persuaded the city to pay it over to them in entire disregard of the new assessment to come, and which proved to be $30,899.70. But it is not to be assumed that the city would have favored Hirschman and not the mortgagees.

The next question is whether, in this action, Hirschman can be made liable even to the extent of $6,210.04. The court has decided that the release was void as to Hirschman and plaintiff and Ijams and valid as to the city. That is the practical result, but it may be added that the agreement between Hirschman and plaintiff and Ijams is void. But that involves rescission, and requires the parties to be placed where they were. If that be done, the situation would be this:

Plaintiff's and Ijams' three mortgages, amount due..............$25,000 00
Award ............................................$40,385 13
Attorney's lien...........................$ 4,038 51
Other assessments....................... 10,136 58    14,175 09
                                                        ——————————
                                                        $26,210 04
Bank's prior lien............................ 10,000 00
                                                        ——————————
    Balance award...............................$16,210 04

—which the plaintiff and Ijams could use to pay on the assessment, or, if permitted, draw and apply on the mortgage. But the mortgagees have $10,000 that Hirschman paid them by virtue of the contract, and that must be returned or allowed him out of the award collected by him. So the same result, $6,210.04, is reached.

[2] The mortgages were extended. That cannot be undone. But it

was to Hirschman's benefit. Hirschman cannot receive again the $750 paid to Mr. Henshaw, but that sum was to cover foreclosure costs and the attorney's labor in arranging the contract into which Hirschman led him. Hirschman cannot complain because he does not recover the legal expenses incurred in leading the opposite party into a fraudulent contract. The evidence sustains the finding of fraudulent representations. It comes near to inconceivable credulity on one hand and equal folly of statement on the other concerning an award in which the parties had interest, made in a legal proceeding affecting them all, and relative to an assessment therein in the course of adjudication— all matters of a public record, which, dutifully sought, would in a moment have dissipated confidence and revealed the truth. One may wonder at the faith of the attorneys without rejecting it, and credit the representation alleged to have been made by the appellant in view of his testimony and manner of giving it.

The judgment should be modified, so as to reduce the limit of appellant's liability to $6,210.04, and, as modified, affirmed, without costs. All concur.