LYDIA E. GILMORE, Respondent, *v.* STUARD HIRSCHMAN, Appellant, Impleaded with EDWIN SHUTTLEWORTH and Others, Defendants.

Second Department, June 6, 1919.

Judgment — clerical errors — amendment — omission of words " with interest "— power of Appellate Division. ·

Clerical errors or a mistake in the entry of a judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment.

The omission of the words " with interest " from a judgment for money damages, where interest is properly chargeable and there is no question as to the defendant's liability for interest, is a mere clerical error which may be corrected by an amendment.

A judgment for money fraudulently obtained carries interest from the date when the money was obtained, and the omission of the words " with interest " from the judgment is the omission of a right or relief to which the plaintiff is entitled as a matter of course.

The Appellate Division has power to amend its order affirming a judgment by inserting the words " with interest " after the amount of the defend-

ant's liability, where the question of interest is not involved; and the Special Term has authority to change the judgment to conform to the amended order.

APPEAL by the defendant, Stuard Hirschman, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Queens on the 27th day of February, 1919, as resettled by an order entered in said clerk's office on the 10th day of March, 1919, modifying a judgment entered in said clerk's office on the 21st day of March, 1916.

*A. S. Gilbert,* for the appellant.

*N. Otis Rockwood* [*John Brooks Leavitt* with him on the brief], for the respondent.

PER CURIAM:

In a foreclosure action the defendant Hirschman was held liable for any deficiency there might be to the extent of $16,210.04. Hirschman was not the maker of the bond secured by the mortgage, but was held to have obtained said sum of $16,210.04 by fraud. Upon an appeal to this court the amount of Hirschman's liability was reduced to $6,210.04, and the judgment, as modified, affirmed. (171 App. Div. 594.) The defendant appealed to the Court of Appeals; the plaintiff did not appeal. The decision of this court was affirmed by the Court of Appeals (*sub nom. Gilmore* v. *Shuttleworth,* 225 N. Y. 626), and the judgment of the Court of Appeals was thereafter made the judgment of the court below. The plaintiff then, apparently for the first time, discovered that in the decision of this court and in the order entered thereon, the words " with interest " had been omitted after the amount of the defendant's liability. Application was made to this court to amend its order, the motion was granted, and then, in pursuance to the amended order, the judgment in the court below was amended by adding the words " with interest " immediately after the amount of defendant's liability. From the order of the Special Term amending the judgment this appeal is taken.

Upon this appeal the defendant urges that this court has no power to make the order amending its previous order and that the Special Term was without authority to change the terms of the judgment in reliance upon the order of this

court. To support this proposition the appellant cites *O'Brien* v. *Seybolt, No. 2* (163 App. Div. 162) and *Herpe* v. *Herpe* (225 N. Y. 323). In the last-mentioned case it is said: " Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment. (*Bohlen* v. *Met. El. Ry. Co.*, 121 N. Y. 546; *Heath* v. *New York Building Loan Banking Co.*, 146 N. Y. 260; *Corn Exchange Bank of Chicago* v. *Blye*, 119 N. Y. 414; *Card* v. *Meincke*, 70 Hun, 382.) "

The error corrected by the order complained of was a clerical error. The opinion of the court upon the former appeal (171 App. Div. 594) makes no allusion to interest and shows that the question of interest was in no way involved in the controversy then before the court. The method by which the reduction was made did not involve the determination of any principle which in any way related to the question of the appellant being liable to pay interest. An examination of the papers upon that appeal shows that the appellant made no point in regard to the allowance of interest. It was apparently conceded that if the appellant was liable for any sum, he was liable for interest on that sum from the date when it was received. The judgment was modified only to the extent of reducing the amount for which the defendant was liable. This indicates clearly that the omission of the words " with interest " was merely a clerical error.

The money obtained by the defendant having been obtained by fraud, the law implied a contract by the appellant to pay this money over to the plaintiff and the defendant Ijams, and the amount thereof became immediately due to these parties and bore interest from the time the appellant received it. (22 Cyc. 1506.) The omission of the words " with interest " was, therefore, an omission of a right or relief to which the plaintiff was entitled as a matter of course.

The order appealed from is affirmed, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements,